TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00210-CR


NO. 03-98-00272-CR





Stephen Andrews


a/k/a Stephen Frank Andrews, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NOS. 0970892 & 0980915, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






In May 1997, appellant pleaded guilty to robbery. Tex. Penal Code Ann. § 29.02
(West 1994). The district court adjudged him guilty and assessed punishment at imprisonment for
six years, but suspended imposition of sentence and placed appellant on community supervision. 
No appeal was taken at that time. In March 1998, appellant pleaded guilty before a jury to
aggravated robbery. Tex. Penal Code Ann. § 29.03 (West 1994). The jury assessed punishment
for this offense, enhanced by a previous felony offense, at imprisonment for forty years. The
appeal from the aggravated robbery conviction is before us as cause number 03-98-00210-CR. 
At the conclusion of the jury trial, the court revoked supervision in the robbery cause and imposed
sentence. The appeal from the order revoking supervision is our cause number 03-98-00272-CR.

In his aggravated robbery appeal, appellant's sole contention is that the punishment
assessed is grossly disproportionate, and therefore violative of the constitutional prohibition on
cruel and unusual punishment. U.S. Const. amend. VIII. Appellant notes that he will be required
to serve one-half of his forty-year sentence, without regard to good-time credit, before he will
become eligible for parole. See Tex. Gov't Code Ann. § 508.145(d) (West 1998). Further,
appellant is not eligible for release to mandatory supervision. See id. § 508.149(a).

In Solem v. Helm, 463 U.S. 277 (1983), the United States Supreme Court found
a proportionality component in the Eighth Amendment. The holding in Solem was subsequently
limited in Harmelin v. Michigan, 501 U.S. 957 (1991). The Fifth Circuit has interpreted the
various opinions in Harmelin as requiring a threshold comparison of the gravity of the offense
against the severity of the sentence. If the appellate court infers that the sentence is
disproportionate, it must then compare the challenged sentence to sentences for similar crimes in
the same jurisdiction and to sentences for the same crime in other jurisdictions. See McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). 

Aggravated robbery with a deadly weapon, a knife in this cause, carries with it the
implicit threat and risk of death or serious bodily injury to the victim. Appellant's forty-year
sentence, while substantial, is well below the maximum prescribed by the legislature for first-degree felons, even those without a history of previous convictions. See Tex. Penal Code Ann.
§ 12.32 (West 1994). Further, appellant remains eligible for parole, albeit without the use of
good-time credit to determine his eligibility date. Under the circumstances, we cannot say that
appellant's sentence is disproportionate to the offense. Even if we were to infer that the sentence
is disproportionate, we could not complete the required analysis because the record before us does
not contain any information regarding the sentences assessed for similar crimes in this or other
jurisdictions. The point of error is overruled.

In the appeal from the order revoking community supervision, appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by advancing a
contention counsel says might arguably support the appeal. See also Penson v. Ohio, 488 U.S.
75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d
684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); 
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief was
delivered to appellant, and appellant was advised of his right to examine the appellate record and
to file a pro se brief. No pro se brief was filed.

Counsel's arguable point is that appellant's six-year sentence for robbery is
disproportionate. This contention is without merit for the reasons previously discussed. We agree
with counsel that the appeal is frivolous and without merit.

In number 03-98-00210-CR, the judgment of conviction is affirmed. In number
03-98-00272-CR, the order revoking community supervision is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed on Both Causes

Filed: January 14, 1999

Do Not Publish



A NAME="7">MICHAEL LYNCH, JUDGE PRESIDING






In May 1997, appellant pleaded guilty to robbery. Tex. Penal Code Ann. § 29.02
(West 1994). The district court adjudged him guilty and assessed punishment at imprisonment for
six years, but suspended imposition of sentence and placed appellant on community supervision. 
No appeal was taken at that time. In March 1998, appellant pleaded guilty before a jury to
aggravated robbery. Tex. Penal Code Ann. § 29.03 (West 1994). The jury assessed punishment
for this offense, enhanced by a previous felony offense, at imprisonment for forty years. The
appeal from the aggravated robbery conviction is before us as cause number 03-98-00210-CR. 
At the conclusion of the jury trial, the court revoked supervision in the robbery cause and imposed
sentence. The appeal from the order revoking supervision is our cause number 03-98-00272-CR.

In his aggravated robbery appeal, appellant's sole contention is that the punishment
assessed is grossly disproportionate, and therefore violative of the constitutional prohibition on
cruel and unusual punishment. U.S. Const. amend. VIII. Appellant notes that he will be required
to serve one-half of his forty-year sentence, without regard to good-time credit, before he will
become eligible for parole. See Tex. Gov't Code Ann. § 508.145(d) (West 1998). Further,
appellant is not eligible for release to mandatory supervision. See id. § 508.149(a).

In Solem v. Helm, 463 U.S. 277 (1983), the United States Supreme Court found
a proportionality component in the Eighth Amendment. The holding in Solem was subsequently
limited in Harmelin v. Michigan, 501 U.S. 957 (1991). The Fifth Circuit has interpreted the
various opinions in Harmelin as requiring a threshold comparison of the gravity of the offense
against the severity of the sentence. If the appellate court infers that the sentence is
disproportionate, it must then compare the challenged sentence to sentences for similar crimes in
the same jurisdiction and to sentences for the same crime in other jurisdictions. See McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). 

Aggravated robbery with a deadly weapon, a knife in this cause, carries with it the
implicit threat and risk of death or serious bodily injury to the victim. Appellant's forty-year
sentence, while substantial, is well below the maximum prescribed by the legislature for first-degree felons, even those without a history of previous convictions. See Tex. Penal Code Ann.
§ 12.32 (West 1994). Further, appellant remains eligible for parole, albeit without the use of
good-time credit to determine his eligibility date. Under the circumstances, we cannot say that
appellant's sentence is disproportionate to the offense. Even if we were to infer that the sentence
is disproportionate, we could not complete the required analysis because the record before us does
not contain any information regarding the sentences assessed for similar crimes in this or other
jurisdictions. The point of error is overruled.

In the appeal from the order revoking community supervision, appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by advancing a
contention counsel says might arguably support the appeal. See also Penson v. Ohio, 488 U.S.