NO. 12-01-00349-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MOSES WHITE,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION (1)


 The opinion of June 28, 2002 is hereby withdrawn and the following opinion is substituted
in its place.

 Moses White ("Appellant") appeals his sentence for aggravated assault. Appellant raises one
issue on appeal. We affirm.


Background


 Appellant was indicted for intentionally, knowingly or recklessly causing serious bodily
injury to Tavares Black by striking Tavares Black with a deadly weapon, to wit: a pipe. Appellant
pleaded "not guilty" to the charge, proceeded to a jury trial, and was found guilty. The jury
subsequently sentenced Appellant to imprisonment for ten years. As recommended by the jury,
Appellant's sentence was probated by the trial court for ten years. On August 16, 2001, the State of
Texas (the "State") filed an application to revoke Appellant's probation, alleging that Appellant had
violated certain terms and conditions thereof. Appellant pleaded "true" to the State's allegations and
an evidentiary hearing was conducted. At the conclusion of the hearing, the trial judge found the
allegations in the State's application to be true and revoked Appellant's probation. Following a
sentencing hearing, the trial judge sentenced Appellant to imprisonment for ten years and fined
Appellant ten thousand dollars.


Cruel and Unusual Punishment

 In his sole issue, Appellant contends that the sentence imposed by the trial court constituted
cruel and unusual punishment under both the Texas and United States Constitutions. Initially, we
note that Appellant made no objection to the trial court raising the issue of cruel and unusual
punishment and has, therefore, waived such an issue with respect to any alleged violation of his
rights under the Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App.
1996); Tex. R. App. P. 33.1. However, even absent waiver, we conclude that Appellant's sentence
did not constitute cruel and unusual punishment.

 The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.-Texarkana 1995, pet. ref'd.); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.-Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, the jury found Appellant
guilty of aggravated assault, a second degree felony. See Tex. Pen. Code Ann. § 22.02 (Vernon
1994). The punishment range for such an offense is between two and twenty years. See Tex. Pen.
Code § 12.33(a) (Vernon 1994). Here, the punishment assessed by the trial court falls well within
the range set forth by the legislature. Id. Therefore, the punishment is not prohibited as cruel,
unusual or excessive per se.

 Nonetheless, Appellant urges the Court to perform the three-part test set out in Solem v.
Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality
of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the
penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S.
Ct. at 3011. (2) The application of the Solem test has been modified by Texas courts and the Fifth
Circuit Court of Appeals, in light of the Supreme Court's decision in Harmelin, to require a
threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.- Texarkana 1999, no pet.).

 In determining whether Appellant's sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). (3) In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant's mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. Considering Appellant's
sentence in light of the holding in Rummel, the distinction between the two cases is clear. The
offense committed by Appellant - aggravated assault - was more severe than the offense committed
by the appellant in Rummel, while Appellant's ten-year sentence is less severe than the life sentence
upheld by the Supreme Court. Thus, it follows that if the sentence in Rummel was not
unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the
case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply
the remaining elements of the Solem test. Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


Opinion delivered July 3, 2002.

Panel consisted of Worthen, J., and Griffith, J.
































(DO NOT PUBLISH)
1. See Tex. R. App. P. 47.1.
2. The strict application of the Solem test has been questioned since the Supreme Court rendered its opinion
in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). See Simmons, 944 S.W.2d at
15. The Texarkana Court of Appeals discussed the applicability of Solem in Davis v. State, and observed that five
members of the Supreme Court in Harmelin rejected application of the three-factor test. Id. (citing Davis, 905
S.W.2d at 664). However, the court in Davis nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported an Eighth Amendment prohibition against grossly
disproportionate sentences. See Davis, 905 S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992) and Lackey v. State, 881 S.W.2d 418, 421
(Tex. App.-Dallas 1994, pet. ref'd.)).
3. Incidentally, the Fifth Circuit has referred to as a "handy guide" to assist in conducting a proportionality
review. See McGruder, 954 F.2d at 317.