NO. 12-01-00359-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MICHAEL SAIA,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Michael Saia ("Appellant") appeals his sentence for sexual assault of a child, for which,
following the revocation of his probation, he was sentenced to imprisonment for eighteen years. 
Appellant raises one issue on appeal. We affirm.


Background

 Appellant was indicted for intentionally and knowingly penetrating the female sexual organ
of a child younger than age seventeen with either his own sexual organ or his tongue. (1) Appellant
pleaded guilty and the trial court deferred adjudicating Appellant guilty and placed him on probation
for a period of ten years. On October 12, 2001, the State of Texas (the "State") filed an application
to proceed to final adjudication, alleging that Appellant had violated certain terms and conditions
of his probation. Appellant pleaded "true" to one of the State's allegations, but pleaded "not true"
to the State's other allegation. An evidentiary hearing was conducted on November 1, 2001, and at
the conclusion of the hearing, the trial judge found one of the allegations in the State's application
to be true, revoked Appellant's probation and adjudicated Appellant guilty as charged. Following
a sentencing hearing, the trial judge sentenced Appellant to imprisonment for eighteen years and
fined Appellant five thousand dollars.


Cruel and Unusual Punishment

 In his sole issue, Appellant contends that the sentence imposed by the trial court constituted
cruel and unusual punishment under both the Texas and United States Constitutions. (2) Initially, we
note that Appellant made no objection to the trial court raising the issue of cruel and unusual
punishment and has, therefore, waived such an issue with respect to any alleged violation of his
rights under the Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App.
1996); Tex. R. App. P. 33.1. However, even absent waiver, we conclude that Appellant's sentence
did not constitute cruel and unusual punishment.

 The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.-Texarkana 1995, pet. ref'd.); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.-Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant pleaded guilty
to sexually assaulting a child younger than seventeen years of age, a second degree felony. See Tex.
Pen. Code Ann. § 22.011(a)(2) and (f). The punishment range for such an offense is between two
and twenty years. See Tex. Pen. Code Ann. § 12.33(a) (Vernon 1994). Here, the punishment
assessed by the trial court falls well within the range set forth by the legislature. Id. Therefore, the
punishment is not prohibited as cruel, unusual or excessive per se.

 Nonetheless, Appellant urges the Court to perform the three-part test set out in Solem v.
Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality
of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the
penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S.
Ct. at 3011. (3) The application of the Solem test has been modified by Texas courts and the Fifth
Circuit Court of Appeals, in light of the Supreme Court's decision in Harmelin, to require a
threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.- Texarkana 1999, no pet.).

 In determining whether Appellant's sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L.Ed.2d 382 (1980). (4) In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant's mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. Considering Appellant's
sentence in light of the holding in Rummel, the distinction between the two cases is clear. The
offense committed by Appellant - sexual assault of a child - was more severe than any of the offenses
committed by the appellant in Rummel, while Appellant's eighteen-year sentence is less severe than
the life sentence upheld by the Supreme Court. Thus, it follows that if the sentence in Rummel was
not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in
the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply
the remaining elements of the Solem test. Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 SAM GRIFFITH 

 Justice


Opinion delivered July 24, 2002.

Panel consisted of Gohmert, C.J., Worthen, J., and Griffith, J.



















(DO NOT PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



JULY 24, 2002



NO. 12-01-00359-CR



MICHAEL SAIA,


Appellant


V.


THE STATE OF TEXAS,


Appellee



 


 Appeal from the 114th Judicial District Court


 of Smith County, Texas. (Tr.Ct.No. 114-0746-01)





 


 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below be in all things affirmed, and that this decision be certified to the court below
for observance.

 Sam Griffith, Justice.

 Panel consisted of Gohmert, C.J., Worthen, J., and Griffith, J.

THE STATE OF TEXAS


M A N D A T E


*********************************************


TO THE 114TH DISTRICT COURT of SMITH COUNTY, GREETING: 

 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 24th day
of July, 2002, the cause upon appeal to revise or reverse your judgment between


MICHAEL SAIA, Appellant



NO. 12-01-00359-CR; Trial Court No. 114-0746-01



Opinion by Sam Griffith, Justice.





THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:


 "THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
be in all things affirmed, and that this decision be certified to the court below for observance."


 WHEREAS, WE COMMAND YOU to observe the order of our said Court of Appeals for
the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly
recognized, obeyed, and executed.


 WITNESS, THE HONORABLE LOUIS B. GOHMERT, JR., Chief Justice of our Court
of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of
Tyler, this the ______ day of __________________, 200____.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk
1. See Tex. Pen. Code Ann. § 22.011(a)(2) (Vernon Supp. 2002).
2. Although a trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and
is not reviewable, after an adjudication of guilt, all proceedings, including assessment of punishment ... and
defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2002). Thus, we may review an issue concerning Appellant's sentence.
3. The strict application of the Solem test has been questioned since the Supreme Court rendered its opinion
in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). See Simmons, 944 S.W.2d at
15. The Texarkana Court of Appeals discussed the applicability of Solem in Davis v. State, and observed that five
members of the Supreme Court in Harmelin rejected application of the three-factor test. Id. (citing Davis, 905
S.W.2d at 664). However, the court in Davis nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported an Eighth Amendment prohibition against grossly
disproportionate sentences. See Davis, 905 S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992) and Lackey v. State, 881 S.W.2d 418, 421
(Tex. App.-Dallas 1994, pet. ref'd.)).
4. Incidentally, the Fifth Circuit has referred to Rummell as a "handy guide" to assist in conducting a
proportionality review. See McGruder, 954 F.2d at 317.