NO. 12-03-0429-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
CLEOFAS MALDONADO,                                §                APPEAL FROM THE SEVENTH
APPELLANT
 
V.                                                                          §                JUDICIAL DISTRICT COURT OF 

THE STATE OF TEXAS,
APPELLEE                                                         §                SMITH COUNTY, TEXAS
                                                                                                                                                              
MEMORANDUM OPINION
            A jury found Appellant Cleofas Maldonado guilty of aggravated assault of a peace officer with
a deadly weapon and sentenced him to imprisonment for thirty years. Appellant raises four issues for
our consideration. We affirm.
 
Background
            On May 24, 2003, a citizen called the Van Zandt County Sheriff’s Office and reported that a
vehicle with flashing hazard lights was being driven slowly east on Interstate 20. Van Zandt County
Deputy Sheriff Brad Cobern and Texas Department of Public Safety Trooper Dennis Redden went
to the reported location of the vehicle and approached Appellant, who was driving his pickup truck
at approximately fifty-five miles an hour with its hazard lights flashing. Because of Appellant’s slow
speed, traffic was lined up behind him. The officers turned on their flashing lights, blew their horns,
pulled up beside Appellant, who had his windows down, and called on Appellant to pull over. 
Appellant sped up to over one hundred miles an hour as the officers continued to try to get him to pull
over and pursued him with their sirens on and lights flashing. As the chase continued and Appellant’s
driving grew more dangerous and erratic, he passed large semi-trucks on the right shoulder and cut
across the paths of other vehicles as he drove pell mell toward the site of a wreck in which an eighteen
wheeler had overturned on Interstate 20 in Smith County. As they approached the wreck site, the
officers decelerated, hoping Appellant would also slow down. A number of state and local officers
were working the scene of the wreck. Only one lane was available for traffic to drive slowly past the
truck. However, Appellant sped through the site at approximately seventy-nine miles an hour, striking
Smith County Deputy Sheriff James Riggle and colliding with a Lindale police vehicle and a fire
truck. At the time Riggle was hit, he was assisting the other officers working the site and was wearing
his complete Smith County Sheriff’s Office uniform. Appellant was arrested at the scene. 
            At trial, several officers testified about the pursuit of Appellant, the wreck on Interstate 20,
and the actions of Appellant, including driving through the site of the wreck and striking Deputy
Riggle. Riggle testified that Appellant turned his vehicle toward him to hit him. One of Riggle’s
treating physicians testified about the extensive injuries Riggle received, including fractures of his left
humerus, his right tibia, and both hip sockets, an injury to the ligaments in his right knee, nerve
damage, skin loss, lung damage, internal bleeding, and other trauma. After being given the legal
definition of “serious bodily injury,” the doctor testified that Riggle’s injuries constituted serious
bodily injury. The doctor also testified that the injuries were permanent and would preclude Riggle
from returning to his career as a law enforcement officer.
            Appellant asserted that he was insane at the time of the incident and introduced medical
records showing that he had been diagnosed and treated for bipolar disorder. Appellant called Dr.
Tynus McNeel, a court-appointed psychiatrist, to testify about his evaluation of Appellant in the Smith
County Jail and from the medical records. Dr. McNeel testified that the prescriptions that Appellant
had been given were consistent with the diagnosis of bipolar disorder. Dr. McNeel also testified about
the symptoms and treatment of bipolar disorder, stating that Appellant’s illness could be considered
a serious or severe mental disease. However, based on his review of Appellant’s medical records and
statements to him, Dr. McNeel concluded that Appellant did not meet the legal definition of insanity
on the morning of May 24, 2003 when he struck Deputy Riggle with his vehicle. 
            Several other witnesses testified on Appellant’s behalf. Appellant’s sister testified generally
about Appellant’s medical condition and specifically about Appellant’s unusual actions several days
prior to the date of the offense. Dr. Gita Reedy, Appellant’s treating physician at the Mental Health
Mental Retardation office in Tarrant County, testified about Appellant’s illness and his medications.
Dr. Reedy stated that Appellant’s actions on the morning of the charged offense indicated Appellant
had symptoms of mania. Dr. Thomas Allen, who testified about his professional assessment and
interpretation of Appellant’s actions on the day of the offense, concluded that Appellant was
experiencing a “severe manic episode” at that time. He also testified that Appellant was legally insane
at the time of the offense.
            The State called Dr. Edward Gripon, who testified that he did not interpret Appellant’s actions
on the day of the offense as indicating a manic state. Dr. Gripon also testified that he believed, based
on the medical records and documentation available, that Appellant was sane when he committed the
offense.
            At the conclusion of the evidence, the jury convicted Appellant of aggravated assault on a
peace officer with a deadly weapon and assessed his punishment at thirty years of imprisonment. This
appeal followed.
 
Sufficiency of the Evidence



            In his first issue, Appellant contends the evidence is legally insufficient to support his
conviction. In his second issue, Appellant challenges the factual sufficiency of the evidence.
Standard of Review
            In reviewing a legal sufficiency question, we must view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
This standard gives proper deference to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. 
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. We may not reweigh the evidence and substitute our
judgment for that of the factfinder. King, 29 S.W.3d at 562.
            In assessing factual sufficiency, we view all of the evidence in a neutral light and will set the
verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust,
or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not
have been met. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v.
State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the fact
finder’s role as the sole judge of the weight and credibility accorded any witness’s testimony. Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The weight to be given contradictory
testimonial evidence is within the sole province of the fact finder because it turns on an evaluation
of credibility and demeanor; the fact finder may choose to believe all, some, or none of the testimony
presented. Id. at 407-08. We must avoid substituting our judgment for the judgment of the fact
finder. Zuniga, 144 S.W.3d at 481-82.
Applicable Law
            Appellant was indicted for aggravated assault of a peace officer with a deadly weapon. See 
Tex. Pen. Code Ann. § 22.02(b)(2)(B) (Vernon Supp. 2005). A person commits the offense of
aggravated assault if he intentionally, knowingly, or recklessly uses or exhibits a deadly weapon
during the commission of the assault. Id. §§ 22.01 (a)(1), 22.02(a)(2). The aggravated assault is a
first degree felony if the assault was against a person the actor knew was a public servant while the
public servant was lawfully discharging an official duty. Id. § 22.02 (b)(2). The actor is presumed
to have known the person assaulted was a public servant if the person was wearing a distinctive
uniform or badge indicating the person’s employment as a public servant. Id. § 22.02(c). A deadly
weapon is defined as “anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury.” Id. § 1.07(17)(B).
Legal Sufficiency
            The testimony of several officers established that Appellant was speeding toward the scene
of a wreck in which an eighteen wheeler overturned, refusing to stop despite the pursuing officers’
use of their sirens and hazard lights. The testimony further established that the officers curtailed their
close pursuit of Appellant as they approached the site of the accident in the hope that Appellant would
slow and not collide with the wrecked vehicles or rescue vehicles and not hit any of the officers
working the scene. Other officers testified that Appellant disregarded the emergency lights and
officers at the scene, sped into the mass of cars and officers, collided with a patrol car and a fire truck,
and struck Deputy James Riggle. The testimony also showed that at the time of the incident, Riggle
was in uniform and working the accident scene. Riggle testified that Appellant steered his vehicle
toward him. Riggle’s treating physician testified that Riggle sustained serious bodily injury. 
Testimony was also presented that Appellant’s vehicle was a deadly weapon in the manner of its use
by Appellant. Further, two psychiatrists testified that Appellant was sane when he committed the
offense.
            Reviewing the evidence in the light most favorable to the jury’s verdict, we hold that a rational
trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. 
Therefore, the evidence was legally sufficient to support Appellant’s conviction. Appellant’s first
issue is overruled.
Factual Sufficiency
            When reviewing factual sufficiency, we consider all of the evidence, including evidence that
did not support the jury’s verdict. In addition to the testimony summarized above, Appellant’s sister
testified that Appellant had been acting strangely prior to the offense. His treating physician and a
psychologist testified that Appellant was in a manic state on the morning of the incident in question,
and the psychologist testified that he was insane at the time he struck Deputy Riggle.
            In reviewing the evidence, both for and against the verdict, we cannot say that the verdict is
contrary to the weight of the evidence. The jury heard both the State’s evidence and witnesses and
Appellant’s testimony and his witnesses. The jury saw the demeanor of the witnesses and evaluated
those witnesses’ credibility. The jury chose to believe the State’s evidence. Further, it was within
the jury’s province to evaluate Appellant and his witnesses, and they could accept or reject such
favorable evidence for the Appellant as they thought appropriate. See Cain, 958 S.W.2d at 407-08. 
Consequently, we hold that the verdict is not clearly wrong or manifestly unjust nor is the contrary
evidence so strong that the beyond-a-reasonable-doubt standard could not have been met. Therefore,
the evidence is factually sufficient to support the jury’s verdict. Appellant’s second issue is overruled.
 
Proportionality of Sentence
            In his third issue, Appellant contends the thirty-year sentence the jury assessed was “grossly
disproportionate when considered in light of other sentences [assessed by trial courts in this district]
for the same offense and in light of the facts and circumstances which constituted the offense.” 
Therefore, he concludes, his sentence constitutes cruel and unusual punishment. Initially, we note that
Appellant failed to cite to pertinent portions of the reporter’s record that support his argument. Thus,
Appellant has waived this issue. See Lape v State, 893 S.W.2d 949, 953-54 (Tex. App.–Houston
[14th Dist.], pet. ref’d) (issue waived for failure to include record references). Further, Appellant
points out that in reviewing his issue, we must first determine whether Appellant’s sentence is
“grossly disproportionate to the offense.” Consequently, he continues, we must consider sentences
for similar crimes in this jurisdiction and for the same crime in other jurisdictions. See McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d
98 (1992). In his argument, Appellant cites three aggravated assault cases where the defendant
received a lesser sentence than that imposed upon Appellant. However, these cases are not analogous
to the case at bar. Nonetheless, in the interest of justice, we will address the issue. 
            We note that Appellant made no objection to the trial court raising the issue of cruel and
unusual punishment, thereby waiving the issue on appeal. See Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); Curry v. State,
910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States
Constitution); Tex. R. App. P. 33.1.
            Even if the issue had been preserved for review, however, the result would not change. In the
instant case, Appellant’s sentence was not unconstitutionally disproportionate. See Rummell v. Estell,
445 U.S. 263, 266, 100 S. Ct. 1133, 1135, 63 L. Ed. 2d 382 (1980) (life sentence not cruel and
unusual punishment for obtaining $120.75 by false pretenses where appellant had a prior felony
conviction for fraudulent use of credit card to obtain $80.00 worth of goods or services and another
for passing forged check in amount of $28.36); see also Jones v. State, No. 12-04-00046-CR, 2004
WL 1899992, at *2 (Tex. App.–Tyler 2004, pet. denied) (holding that life sentence and forty-year
sentence stacked was not cruel and unusual punishment for two aggravated assaults on a public
servant with a deadly weapon). Therefore, even absent waiver, we could not conclude that
Appellant’s sentence constituted cruel and unusual punishment. See McGruder, 954 F.2d at 316
(where sentence not unconstitutionally disproportionate, appellate court not required to proceed with
analysis for cruel and unusual punishment); Jones, 2004 WL 1899992, at *2 (same). Appellant’s
third issue is overruled.
 Limitation of Examination of Expert Witness
            Appellant’s contends in his fourth issue that the trial court erred in limiting his examination
of his expert witness regarding Appellant’s mental condition. This error, Appellant contends, violated
his due process rights under the United States and Texas constitutions. However, Appellant failed
to cite


 any case law or point us to any specific


 portion of the reporter’s record that supports his
complaint. Moreover, Appellant has not provided any cogent argument or cited relevant authority to
support his issue. See Tex. R. App. P. 38.1(h). In failing to provide any relevant authority suggesting
how the trial court’s action violated his constitutional rights, Appellant has inadequately briefed the
issue. Wyatt, 23 S.W.3d at 23 n.5. Therefore, Appellant has preserved nothing for review and has
waived the issue. See id.; see also Tex. R. App. P. 38.1(h).
 
Disposition
            The judgment of the trial court is affirmed.
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
Opinion delivered October 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(DO NOT PUBLISH)