02-10-171-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00171-CR

 

 


 
 
 Joseph E. Phillips
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 213th
District Court OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          Appellant
Joseph E. Phillips appeals his thirty-year prison sentence imposed upon his
open plea of guilty to one count of aggravated sexual assault of a child after
the State waived twenty-four counts of the same charge contained in the
indictment.  We affirm.

          The
evidence shows that Appellant sexually assaulted his biological daughter over a
period of years, beginning when she was twelve years old, and that the abuse
resulted in her giving birth to two children.  Appellant complains on appeal that
he was probation eligible and that his thirty-year sentence is disproportionate
to the offense and thus cruel and unusual.

          A
complaint that a sentence is unconstitutionally excessive must be preserved by
objection or motion for new trial.  See Curry v. State, 910 S.W.2d 490,
497 (Tex. Crim. App. 1995) (reasoning that even constitutional rights,
including the right to be free from cruel and unusual punishment may be
forfeited).  The record shows that Appellant undertook neither of these
measures to preserve his complaint.  He has, therefore, failed to preserve his
complaint for review.  Tex. R. App. P. 33.1(a).

          But
even if Appellant had preserved his claim, we would hold that his sentence is
not disproportionate to the offense.  In assessing proportionality, we first
make a threshold comparison of the offense against the severity of the
sentence.  Moore v. State, 54 S.W.3d 529, 542 (Tex. App.––Fort Worth,
2001, pet. ref’d) (citing Solem v. Helm, 463 U.S. 277, 291–92, 103 S.
Ct. 3001, 3010; McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.) 1992). 
Only if we determine that the sentence is grossly disproportionate to the
offense do we need to consider whether the sentence is comparable to sentences
imposed upon other criminals in the same jurisdiction and sentences imposed for
commission of the same crime in other jurisdictions.  Moore, 54 S.W.3d
at 542; and see McGruder, 954 F.2d at 316; Culton v. State, 95
S.W.3d 401, 403 (Tex. App.––Houston [1st Dist] 2002, pet. ref’d).

          In
making our threshold inquiry, we judge the gravity of the offense in light of
the harm caused or threatened to the victim or society, and the culpability of
the offender.  Solem, 463 U.S. at 291–92, 103 S. Ct. at 3010; Moore,
54 S.W.3d at 542.  Here, Appellant pleaded guilty to aggravated sexual assault
of a child, a first degree felony.  Tex. Penal Code Ann. § 22.021(e) (Vernon Supp.
2010).  Thus, the offense committed by Appellant is classified as within the
second most serious category of offenses in Texas, capital offenses being the
most serious.  The harm to the victim and to society is great.  The range for a
first degree felony is five years to 99 years or life in prison with a $10,000
fine.  Id. § 12.32.  Appellant was sentenced to only thirty years for
repeatedly raping his own daughter and fathering his own two grandchildren.  His
punishment is neither excessive nor grossly disproportionate.  See Palmer v.
State, No. 02-02-00040-CR, 2003 WL 1948697, at *3 (Tex. App.––Fort Worth
Apr. 24, 2003, no pet.) (mem. op., not designated for publication) (holding fifty-year
sentence for aggravated sexual assault of defendant’s own child not excessive).

          Further,
Appellant contends that the trial court abused its discretion by sentencing him
to thirty years and that the imposition of that sentence is too severe in light
of the complainant and her mother asking that Appellant receive probation.  In
general, when the sentence imposed is within the proper range of punishment,
the trial court has a great deal of discretion and the sentence will not be
disturbed on appeal.  See Jackson v. State, 680 S.W.2d 809, 814 (Tex.
Crim. App. 1984).  The trial court did not abuse its discretion based on the
facts and evidence in this case.  We overrule Appellant’s complaint and affirm the
trial court’s judgment.

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
GARDNER,
WALKER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 17, 2011









[1]See Tex. R. App. P. 47.4.