

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00171-CR

JOSEPH E. PHILLIPS                                      APPELLANT

V.

THE STATE OF TEXAS                                         STATE

-----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

----------

Appellant Joseph E. Phillips appeals his thirty-year prison sentence imposed upon his open plea of guilty to one count of aggravated sexual assault of a child after the State waived twenty-four counts of the same charge contained in the indictment. We affirm.

---

[1]See Tex. R. App. P. 47.4.

The evidence shows that Appellant sexually assaulted his biological daughter over a period of years, beginning when she was twelve years old, and that the abuse resulted in her giving birth to two children. Appellant complains on appeal that he was probation eligible and that his thirty-year sentence is disproportionate to the offense and thus cruel and unusual.

A complaint that a sentence is unconstitutionally excessive must be preserved by objection or motion for new trial. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (reasoning that even constitutional rights, including the right to be free from cruel and unusual punishment may be forfeited). The record shows that Appellant undertook neither of these measures to preserve his complaint. He has, therefore, failed to preserve his complaint for review. Tex. R. App. P. 33.1(a).

But even if Appellant had preserved his claim, we would hold that his sentence is not disproportionate to the offense. In assessing proportionality, we first make a threshold comparison of the offense against the severity of the sentence. *Moore v. State,* 54 S.W.3d 529, 542 (Tex. App.—Fort Worth, 2001, pet. ref'd) (citing *Solem v. Helm,* 463 U.S. 277, 291–92, 103 S. Ct. 3001, 3010; *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.) 1992). Only if we determine that the sentence is grossly disproportionate to the offense do we need to consider whether the sentence is comparable to sentences imposed upon other criminals in the same jurisdiction and sentences imposed for commission of the same crime in other jurisdictions. *Moore*, 54 S.W.3d at 542; *and see McGruder*,

2

954 F.2d at 316; *Culton v. State,* 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist] 2002, pet. ref'd).

In making our threshold inquiry, we judge the gravity of the offense in light of the harm caused or threatened to the victim or society, and the culpability of the offender. *Solem,* 463 U.S. at 291–92, 103 S. Ct. at 3010; *Moore,* 54 S.W.3d at 542. Here, Appellant pleaded guilty to aggravated sexual assault of a child, a first degree felony. Tex. Penal Code Ann. § 22.021(e) (Vernon Supp. 2010). Thus, the offense committed by Appellant is classified as within the second most serious category of offenses in Texas, capital offenses being the most serious. The harm to the victim and to society is great. The range for a first degree felony is five years to 99 years or life in prison with a $10,000 fine. *Id*. § 12.32. Appellant was sentenced to only thirty years for repeatedly raping his own daughter and fathering his own two grandchildren. His punishment is neither excessive nor grossly disproportionate. *See Palmer v. State*, No. 02-02-00040-CR, 2003 WL 1948697, at *3 (Tex. App.—Fort Worth Apr. 24, 2003, no pet.) (mem. op., not designated for publication) (holding fifty-year sentence for aggravated sexual assault of defendant's own child not excessive).

Further, Appellant contends that the trial court abused its discretion by sentencing him to thirty years and that the imposition of that sentence is too severe in light of the complainant and her mother asking that Appellant receive probation. In general, when the sentence imposed is within the proper range of punishment, the trial court has a great deal of discretion and the sentence will not

3

be disturbed on appeal. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The trial court did not abuse its discretion based on the facts and evidence in this case. We overrule Appellant's complaint and affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 17, 2011