Affirmed and Memorandum Opinion
filed July 7, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01088-CR



Samuel Damico, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 209th District Court

Harris County, Texas

Trial Court
Cause No. 1264406



 

MEMORANDUM OPINION 

Appellant Samuel Damico appeals his conviction for
murder on his plea of no contest and sentence of twenty-five years’
incarceration.  In two issues, appellant claims that his sentence is cruel and
unusual punishment.  We affirm.  

Background

Appellant pleaded “no contest” to the charge of
murder without an agreed recommendation from the State on punishment. 
Appellant also pleaded “true” to an enhancement paragraph alleging a conviction
for felony burglary of a habitation.  The trial court found the evidence
sufficient to find appellant guilty of murder but deferred a finding of guilt
pending a presentence investigation (PSI) report and set the case for a PSI
hearing.  

According to the PSI report, on December 20, 2007,
complainant, Timothy McMichael, was at a storage facility visiting with the
manager, Country Patterson, in her office.  Appellant arrived at the storage
facility at 4:50 p.m. and asked to see McMichael.  Appellant was on a cell
phone talking to the police about missing prescription medication.  Patterson
heard appellant and McMichael discussing the prescription medication. 
Patterson saw appellant pull a knife out of his pocket and heard him tell
McMichael that “I’m going to cut your fucking throat.”  Patterson told
appellant to get out of the office.  Appellant and McMichael left the office. 
Patterson saw appellant stab McMichael with the knife.  A seven-year-old girl,
whom Patterson was babysitting, also witnessed the stabbing.  Appellant got in
his vehicle and left the storage facility.  McMichael died at the hospital, and
the autopsy report showed that McMichael sustained a stab wound to the chest.  

The trial court admitted into evidence appellant’s
medical records describing his health history, including diabetes, cirrhosis,
hepatitis C, hypertension, hepatic encephalopathy, lung disease, and liver
disease.  In a statement attached to the PSI report, appellant stated that he
did “not remember the day’s events as they are reported,” and he did not go to
the storage facility to kill McMichael.  

Also, at the PSI hearing, the trial court confirmed
that it had agreed to accept recorded comments by the police that appellant is
frail and sick, did not intend to kill McMichael, and would survive only two
years or not even that long.  The trial court also confirmed an agreement that
a 911 tape reflects that appellant attempted to report the theft of a medical
prescription.  

In two issues on appeal, appellant claims that his
twenty-five year sentence is cruel and unusual punishment in violation of the
United States Constitution and the Texas Constitution.  See U.S Const. amend VIII; Tex. Const. art. I, § 13.  

Analysis

Almost every right, constitutional or statutory, may
be waived by failing to object.  Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995); Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim.
App. 1986).  Specifically, an objection based on cruel and unusual punishment
must be made in the trial court or it is waived on appeal.  Curry v. State,
910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Nicholas v. State, 56 S.W.3d
760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  Conceding that the
failure to object in the trial court to punishment as cruel and unusual waives
such complaint on appeal, appellant contends that the “dialogue” he had with
the trial court after it assessed his sentence preserved his complaint for
appellate review.  Appellant claims that, although he did not specifically
state that the sentence was grossly disproportionate to the crime, “such
grounds were readily apparent from the context of his objection to the
pronouncement of sentence in his lack of memory of the event and discussion of
severe medical issues facing him.”  

After announcing the twenty-five year sentence, the
trial court allowed appellant to make a statement.  Appellant stated that he
did not remember stabbing McMichael in the chest—“All I can say is I don’t
remember the things happening the way they said they did.”  The record does not
reflect that appellant objected at the PSI hearing to his sentence as cruel and
unusual punishment.  Moreover, appellant did not file a motion for new trial
objecting to his sentence.  Appellant failed to preserve his complaints for
appellate review.

Even if appellant had preserved error, we cannot
conclude that his sentence is disproportionate to the offense for which he was
charged.  Punishment assessed within the statutory limits is generally not
cruel and unusual punishment.  Samuel v. State, 477 S.W.2d 611, 614
(Tex. Crim. App. 1972).  Appellant was convicted of murder, a first-degree
felony, and he pleaded “true” to a felony enhancement paragraph, elevating the range
of punishment to fifteen to ninety-nine years or life and a fine not to exceed
$10,000.  See Tex. Penal Code Ann.
§ 12.42(c)(1) (West 2011); Tex. Penal
Code Ann. § 19.02(b) (West 2011).  Therefore, appellant’s sentence
falls well within the statutory limits.  

Appellant concedes that the twenty-five year sentence
is within the statutory range of punishment.  However, he contends that his
sentence is grossly disproportionate to the crime when compared to the gravity
of the offense.  In Solem v. Helm, the United States Supreme Court held
that criminal sentences must be proportionate to the crime and that even a sentence
within the statutorily prescribed range may violate the Eighth Amendment.  See
463 U.S. 277, 290 (1983).  The Court set forth the following three
objective criteria by which reviewing courts should analyze proportionality
claims: “(i) the gravity of the offense and the harshness of the penalty; (ii)
the sentences imposed on other criminals in the same jurisdiction; and (iii)
the sentences imposed for commission of the same crime in other
jurisdictions.”  Id. at 292.  In conducting an Eighth Amendment
proportionality analysis, we first make a threshold comparison of the gravity
of the offense against the severity of the sentence.  McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir. 1992); Harris v. State, 204 S.W.3d 19, 29
(Tex. App.—Houston [14th Dist.] 2006, pet. ref‘d).  Only upon determining that
the sentence is grossly disproportionate do we then consider the two remaining Solem
factors—sentences imposed in the same and other jurisdictions.  McGruder,
954 F.2d at 316; Harris, 204 S.W.3d at 29.  

Appellant contends that his “life threatening medical
issues” and the police detectives’ opinion that he did not intend to kill
McMichael outweigh his criminal history.  However, appellant pleaded “guilty”
to murder—a first degree felony second in gravity only to capital murder.  See
Tex. Penal Code Ann. § 19.03
(West 2011).  Further, the “offense” at issue is not only murder, but murder
with an enhancement.  Appellant’s status as a habitual offender is a factor in
evaluating the gravity of the offense.  See McGruder, 954 F.2d at 316. 
Moreover, as described in the PSI report, appellant committed the offense in
the presence of a seven-year-old girl.  Although appellant presented evidence
that he had suffered from myriad medical conditions, there was no evidence that
any such conditions impaired him on day of the offense.  

The record reflects that the trial court orally
admonished appellant, and appellant understood that by pleading “true” to the
enhancement paragraph, the punishment range was raised to between fifteen and
ninety-nine years or life and a fine of up to $10,000.  Appellant’s attorney
informed the court that appellant had some psychiatric issues but was competent
to stand trial.  Appellant’s twenty-five year sentence falls in the lower end
of the range of punishment under the habitual felony offenders statute.  

We conclude that appellant’s sentence of twenty-five
years’ incarceration is not grossly disproportionate to the offense of murder,
enhanced by a prior felony.  Because we have found the sentence is not grossly
disproportionate, we need not evaluate appellant’s sentence under the two
remaining Solem factors.  See Harris, 204 S.W.3d at 29.[1]  We
overrule appellant’s first and second issues.  

Having overruled all of appellant’s issues, we affirm
the judgment of the trial court.  

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

 

Panel consists of Justices Frost, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Even if appellant’s twenty-five year sentence were grossly disproportionate to
the offense, appellant has not addressed the remaining two Solem
factors, thereby waiving any challenge as to them on appeal.  See Tex. R. App. P. 38.1.