

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00332-CR

FRANCIS STEVEN BUCSKO                    APPELLANT

V.

THE STATE OF TEXAS                          STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Francis Steven Bucsko of felony driving while intoxicated (DWI) and assessed his punishment at eight years' confinement. The trial court sentenced him accordingly.

In two issues, Appellant contends that the punishment is not proportionate to the crime under the Eighth Amendment and that the evidence is insufficient to prove guilt beyond a reasonable doubt. Because there was no Eighth

----

[1]See Tex. R. App. P. 47.4.

Amendment violation and because the evidence is sufficient to support the jury's verdict beyond a reasonable doubt, we affirm the trial court's judgment.

On December 24, 2007, then-Deputy (now Sergeant) William Watt of the Hood County Sheriff's Department was stopped on Highway 377, watching traffic. A man pulled up next to Watt and told him that he had just seen a minivan traveling westbound that "was all over the roadway." Watt placed a call over his police radio to locate the minivan. Watt drove westbound and came upon a van sitting on the right shoulder of the road. Appellant was standing outside the van. Watt passed the van, made a u-turn, and came back. Watt pulled over, as did then-Lieutenant (now Constable) William Haynes, who had heard Watt's call over the radio. As the two officers pulled up to stop, Appellant, who had returned to the van, drove away. Watt turned on his lights and stopped the van.

When he approached Appellant, who was still in the van, Watt smelled an odor of alcohol and asked Appellant if he had been drinking. Appellant denied drinking but later admitted that he had consumed three drinks at a bar. Watt observed that Appellant had bloodshot eyes and unsteady balance. Inside Appellant's van, the officers found an open can of beer in a paper bag and an empty beer can.

The officers transported Appellant to jail, where he was given the statutory warnings. While at the jail, Appellant declined a breath test.

To the extent that Appellant challenges the factual sufficiency of the evidence by discussing viewing the evidence in a neutral light, we note that

2

Texas courts recognize a single sufficiency standard established by *Jackson v. Virginia*.[2] In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

Appellant argues that the fact that he was driving a van while Watt was searching for a minivan, the lack of physical evidence, contradicting stories, and the fact that Watt did not testify that Appellant failed the field sobriety tests render the evidence insufficient to prove guilt beyond a reasonable doubt.

A person commits the offense of DWI when he operates a motor vehicle in a public place while intoxicated by not having the normal use of his mental or physical faculties.[4] Appellant was so indicted. Contrary to Appellant's contention, the fact that he was driving a van and not a minivan is irrelevant to the sufficiency analysis.[5]

---

[2]443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

[3]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[4]Tex Penal Code Ann. §§ 49.01(2)(A), 49.04 (West 2011).

[5]*See Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App.), *cert. denied,* 130 S. Ct. 515 (2009); *Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

The two officers observed Appellant operating a motor vehicle in a public place. They also testified that they smelled a strong odor of alcohol about Appellant; he admitted to drinking three drinks at a bar; the police saw an empty beer can and an open can of beer inside the van he was driving; and he had bloodshot eyes and was unsteady on his feet. Additionally, Appellant admitted to the officers that he was intoxicated and rated himself a "five or six" on an intoxication scale of one to ten.

Applying the appropriate standard of review, and considering the record as a whole, we hold that the evidence is sufficient to support the jury's verdict. We overrule Appellant's second issue.

In his first issue, Appellant argues that his punishment is not proportionate to the crime and, consequently, that the trial court violated his Eighth Amendment protections. Even though Appellant was eligible for community supervision, the jury was not obligated to probate his sentence.[6] Further, at the time of his arrest, Appellant was on probation for a second DWI conviction. Appellant also admitted to the arresting officer that he had violated several conditions of his community supervision. The sentence imposed here was within the statutory

---

[6]*See* Tex. Code Crim. Proc. art. 42.12, § 4(a) (West Supp. 2011).

4

range established by the legislature and, in view of the facts of the case, does not shock the conscience.[7] We overrule Appellant's first issue.

Having overruled Appellant's two issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 3, 2011

---

[7]*See Moore v. State*, 54 S.W.3d 529, 543 (Tex. App.—Fort Worth 2001, pet. ref'd); *see also McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992).