02-10-332-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00332-CR

 

 


 
 
 Francis Steven Bucsko
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 355th
District Court OF Hood COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Francis Steven Bucsko of felony driving while intoxicated
(DWI) and assessed his punishment at eight years’ confinement.  The trial court
sentenced him accordingly.

In
two issues, Appellant contends that the punishment is not proportionate to the
crime under the Eighth Amendment and that the evidence is insufficient to prove
guilt beyond a reasonable doubt.  Because there was no Eighth Amendment
violation and because the evidence is sufficient to support the jury’s verdict
beyond a reasonable doubt, we affirm the trial court’s judgment.

On
December 24, 2007, then-Deputy (now Sergeant) William Watt of the Hood County
Sheriff’s Department was stopped on Highway 377, watching traffic.  A man
pulled up next to Watt and told him that he had just seen a minivan traveling
westbound that “was all over the roadway.”  Watt placed a call over his police
radio to locate the minivan.  Watt drove westbound and came upon a van sitting
on the right shoulder of the road.  Appellant was standing outside the van. 
Watt passed the van, made a u-turn, and came back.  Watt pulled over, as did then-Lieutenant
(now Constable) William Haynes, who had heard Watt’s call over the radio.  As
the two officers pulled up to stop, Appellant, who had returned to the van,
drove away.  Watt turned on his lights and stopped the van.

When
he approached Appellant, who was still in the van, Watt smelled an odor of
alcohol and asked Appellant if he had been drinking.  Appellant denied drinking
but later admitted that he had consumed three drinks at a bar.  Watt observed
that Appellant had bloodshot eyes and unsteady balance.  Inside Appellant’s
van, the officers found an open can of beer in a paper bag and an empty beer
can.

The
officers transported Appellant to jail, where he was given the statutory
warnings.  While at the jail, Appellant declined a breath test.

To
the extent that Appellant challenges the factual sufficiency of the evidence by
discussing viewing the evidence in a neutral light, we note that Texas courts
recognize a single sufficiency standard established by Jackson v. Virginia.[2]  In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.[3]

Appellant
argues that the fact that he was driving a van while Watt was searching for a
minivan, the lack of physical evidence, contradicting stories, and the fact
that Watt did not testify that Appellant failed the field sobriety tests render
the evidence insufficient to prove guilt beyond a reasonable doubt.

A
person commits the offense of DWI when he operates a motor vehicle in a public
place while intoxicated by not having the normal use of his mental or physical
faculties.[4] 
Appellant was so indicted.  Contrary to Appellant’s contention, the fact that
he was driving a van and not a minivan is irrelevant to the sufficiency
analysis.[5]

The
two officers observed Appellant operating a motor vehicle in a public place. 
They also testified that they smelled a strong odor of alcohol about Appellant;
he admitted to drinking three drinks at a bar; the police saw an empty beer can
and an open can of beer inside the van he was driving; and he had bloodshot
eyes and was unsteady on his feet.  Additionally, Appellant admitted to the
officers that he was intoxicated and rated himself a “five or six” on an
intoxication scale of one to ten.

Applying
the appropriate standard of review, and considering the record as a whole, we
hold that the evidence is sufficient to support the jury’s verdict.  We
overrule Appellant’s second issue.

In
his first issue, Appellant argues that his punishment is not proportionate to
the crime and, consequently, that the trial court violated his Eighth Amendment
protections.  Even though Appellant was eligible for community supervision, the
jury was not obligated to probate his sentence.[6]  Further, at the time of
his arrest, Appellant was on probation for a second DWI conviction.  Appellant also
admitted to the arresting officer that he had violated several conditions of
his community supervision.  The sentence imposed here was within the statutory
range established by the legislature and, in view of the facts of the case,
does not shock the conscience.[7]  We overrule Appellant’s
first issue.

Having
overruled Appellant’s two issues, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2011









[1]See Tex. R. App. P. 47.4.





[2]443 U.S. 307, 319, 99 S.
Ct. 2781, 2789 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim.
App. 2010).





[3]Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).





[4]Tex Penal Code Ann. §§
49.01(2)(A), 49.04 (West 2011).





[5]See Villarreal v. State,
286 S.W.3d 321, 327 (Tex. Crim. App.), cert. denied, 130 S. Ct. 515
(2009); Hardy v. State, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009);
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).





[6]See Tex. Code Crim.
Proc. art. 42.12, § 4(a) (West Supp. 2011).





[7]See Moore v. State,
54 S.W.3d 529, 543 (Tex. App.—Fort Worth 2001, pet. ref’d); see also McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849
(1992).