Robert McGRUDER, Petitioner–Appellant,

v.

Steven W. PUCKETT, et al., Respondents–Appellees.

No. 90–7055.

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1992.

**314**

Robert McGruder, pro se.

Marvin L. White, Jr., Asst. Atty. Gen., Mike Moore, Atty. Gen., Jackson, Miss., for respondents-appellees.

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this habeas case, we must determine whether a sentence of life imprisonment without parole is unconstitutionally disproportionate for one sentenced as an habitual offender on a record of convictions for burglary, armed robbery, and prison escape. For the reasons set forth below, we do not find the sentence to be unconstitutionally disproportionate and affirm the judgment of the district court denying the petition.

I

In May 1954, Robert McGruder was found guilty of two counts of armed robbery and sentenced to serve two to nine years, of which he served six. In May 1957, he was found guilty of burglary and larceny and sentenced to serve from one to ten years, running concurrently with his earlier sentence. He was also sentenced in May 1957, to another concurrent term of four to eight years for escape from a penitentiary. In May 1964, McGruder was found guilty of armed robbery and given three to ten years, of which he served approximately three.

In April 1983, McGruder was convicted by a jury in Harrison County, Mississippi, for the burglary of an automobile, specifically for stealing twenty cases of beer from a delivery truck. McGruder had been indicted as an habitual offender under section 99–19–83 of the Mississippi Code.[1] Following a sentencing hearing establishing his record of prior felony convictions, he was sentenced, as an habitual offender, to life in prison without hope of parole. He appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed both. *McGruder v. State*, 454 So.2d 1312 (Miss.1984). He filed a state collateral action in November 1988, seeking to have his sentence vacated. The state supreme court denied this motion in December 1988, after which McGruder filed this petition for habeas corpus.

The magistrate judge entered a ten-page report and recommended denial of the petition on April 10, 1990. McGruder, after an extension of time granted by the court, filed extensive objections. On November 19, the district court adopted the report of the Magistrate as findings of the court, noting that it had "fully reviewed the record and the court file in this matter, and the objections raised by the plaintiff ..." Judgment was entered denying the petition.

II

■ As a threshold matter, McGruder contends that this cause should be reversed

---

1. *That statute provides:*
 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

and remanded because the district court failed to review independently the record before denying his petition. The district court explicitly stated that it had "fully reviewed the record and the court file in this matter, and the objections raised by the plaintiff ..." McGruder offers no basis for this bald claim, except that the court issued only a brief order adopting the recommendation of the magistrate judge. This meager assertion has no probative weight and will not support a finding that the district court did not independently review the record. *See United States v. Shaid,* 916 F.2d 984, 988 (5th Cir.1990). Consequently, we reject this argument.

### III

McGruder brings forward a variety of arguments to attack his sentence. We have considered each and affirm the district court on all grounds.[2] We find it necessary only to address the issue of proportionality.

### A

### (1)

 Throughout this century, the Eighth Amendment has been read to preclude a sentence that is greatly disproportionate to the offense, because such sentences are "cruel and unusual." *See Weems v. United States,* 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910) (sentence of 15 years in *cadena temporal* [severe hard labor] for petty embezzlement is cruel and unusual); *Harmelin v. Michigan,* — U.S. —, 111 S.Ct. 2680, 2702, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring).

Perhaps the most dramatic application of this principle in a non-capital case was in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In that case, the court adopted a framework of objective factors that may be used in proportionality analysis: (1) the gravity of the offense relative to the harshness of the penalty, (2) the sentences imposed for other crimes in the jurisdiction, and (3) the sentences imposed for the same crime in other jurisdictions. *Solem,* 463 U.S. at 292, 103 S.Ct. at 3010.

In applying that framework, the court found a sentence of life imprisonment without parole was disproportionate for a defendant who wrote a no-account check for $100, with prior convictions for third-degree burglary, false pretenses, grand larceny, and driving while intoxicated. *Id.* at 303, 103 S.Ct. at 3016. In concluding that the life sentence violated the Eighth Amendment, the court noted that Solem's past offenses "were all relatively minor. All were nonviolent, and none was a crime against a person." *Id.,* at 296–297, 103 S.Ct. at 3013.

Of course, *Solem* must now be viewed in the light of *Harmelin v. Michigan,* — U.S. —, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), a review of the sentence of Ronald Harmelin to life in prison without parole for the possession of more than 650 grams of cocaine. *Harmelin* provoked a host of minority opinions from the court, and requires some examination to apply to our problem in this case.

Justice Scalia, joined by the Chief Justice, thought that the Eighth Amendment contains no guaranty of a proportional punishment but only a guaranty against cruel forms of punishment. Thus, he determined that *Solem* was wrongly decided, and he completely rejected its analysis. 111 S.Ct. at 2686, 2697. He concluded his opinion, in part V, by upholding both the mandatory nature of Harmelin's sentence and its constitutionality.

Justice Kennedy was joined by Justices O'Connor and Souter in an opinion that

---

**2.** McGruder alleges the following additional grounds in his petition: (1) His sentence is unconstitutionally disproportionate. (2) The state failed to present sufficient proof of his prior convictions at his sentencing hearing. (3) The state failed to meet its burden of proof in demonstrating that he is an habitual offender. (4) The state failed to provide McGruder with a "proportionality analysis." (5) The sentencing court did not make a record showing actual knowledge that it had discretion to award a lesser sentence. (6) The habitual offender statute is unconstitutional. (7) McGruder received ineffective assistance of counsel at his sentencing. From our examination of each of these claims, we easily conclude that none has merit.

agreed with part V of Justice Scalia's opinion, but dissented from the remainder. Justice Kennedy wrote that the Eighth Amendment does forbid sentences that are "grossly disproportionate." *Harmelin,* 111 S.Ct. at 2705. He thus concluded that the three-pronged comparative evaluation of *Solem* was meant not as a mandatory analysis but as an analytic tool to be used only "in the rare case when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality." *Id.* 111 S.Ct. at 2707. He then weighed Harmelin's crime (possession of 650g of cocaine) against his punishment (life in prison without parole), and concluded, in accord with *Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) *reh'g denied,* 455 U.S. 1038, 102 S.Ct. 1742, 72 L.Ed.2d 156 (40-year sentence for possession with intent to distribute 15 oz. of marijuana upheld), that the sentence was not grossly disproportionate to the underlying crime. Consequently, he found it unnecessary to proceed to the additional steps of the *Solem* analysis.

Four justices dissented, issuing three opinions. All of the dissenters agreed with Justice White, who argued for the continued application of the full three-pronged *Solem* test. 111 S.Ct. at 2709, 2719.

By applying a head-count analysis, we find that seven members of the Court supported a continued Eighth Amendment guaranty against disproportional sentences. Only four justices, however, supported the continued application of all three factors in *Solem,* and five justices rejected it. Thus, this much is clear: disproportionality survives; *Solem* does not. Only Justice Kennedy's opinion reflects that view.

It is to his opinion, therefore, that we turn for direction. Accordingly, we will initially make a threshold comparison of the gravity of McGruder's offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

### (2)

■ McGruder's argument seems to be that his sentence of life imprisonment without parole is not proportionate to his offense of auto burglary, thus violating the requirements of the Eighth Amendment. We think that this argument ignores the essence of the statute under which he was sentenced. Upon his conviction for auto burglary, he was sentenced under the habitual offender statute. Under that statute, his sentence is imposed to reflect the seriousness of his most recent offense, not as it stands alone, but in the light of his prior offenses. *See Wilson v. State,* 395 So.2d 957, 958 (Miss.1981).[3] We therefore review his sentence.

### B

■ We thus turn to consider the gravity of McGruder's offenses in relation to the harshness of his sentence. McGruder was sentenced as an habitual offender. He had a record of convictions of armed robbery, burglary, escape, armed robbery, and lastly auto burglary. At least two of these convictions were for crimes of violence *per se.*

**3.** Sentencing enhancement statutes have long reflected past offenses. "The punishment is for the last offense committed, and it is rendered more severe in consequence of the situation in which the party had previously brought himself." *Moore v. Missouri,* 159 U.S. 673, 677, 16 S.Ct. 179, 181, 40 L.Ed. 301 (1895) *quoting Ross's Case,* 2 Pick. 165.

The Mississippi habitual offender statutes, Miss.Code Ann. §§ 99–19–81 and 99–19–83 (1972, 1976 Supp.), have been upheld by this court against challenges that they violate the guaranties of due process and equal protection, and the bar against double jeopardy. *See Per-*

*kins v. Cabana,* 794 F.2d 168 (5th Cir.1986) *cert. denied* 479 U.S. 936, 107 S.Ct. 414, 93 L.Ed.2d 366. An Alabama statute substantially similar to section 99–19–83, providing for life imprisonment without parole, was held to be not facially disproportionate in *Seritt v. Alabama,* 731 F.2d 728 (11th Cir.1984) *cert. denied,* 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 433 *See also* cases collected in Annotation, "Imposition of Enhanced Sentence Under Recidivist Statute as Cruel and Unusual Punishment." 27 A.L.R.Fed. 110. McGruder's claim at issue here, though, is not that the statute is unconstitutional, but that his sentence is unconstitutional.

Armed robbery carries one of the most severe sentences applied under the criminal statutes. *See King v. State*, 527 So.2d 641 (Miss.1988); Miss.Code Ann. § 97–3–79 (1972, 1991 Supp.). Armed robbery certainly endangers life, limb, and property as much as any non-capital offense. McGruder was convicted of this violent crime not once, but twice. His final conviction was for auto burglary, a concededly lesser offense than the earlier offenses.

With respect to the sentence he received—a life sentence without hope of parole—the *Harmelin* plurality observed that it is the second most severe punishment that a state can inflict. *See Harmelin*, 111 S.Ct. at 2705. Thus, the question is whether this severe sentence is grossly disproportionate to the gravity of the offenses upon which the sentence is based.

We have a handy guide to assist us in this determination: when we consider the offenses that form the basis of McGruder's sentence in the light of *Rummel v. Estelle*, 445 U.S. 263, 265–266, 100 S.Ct. 1133, 1135, 63 L.Ed.2d 382 (1980), it is evident that McGruder's sentence is not unconstitutionally disproportionate. Rummel, like McGruder, was a three-time loser who received a life sentence. Unlike, McGruder, however, Rummel's predicate offenses were non-serious; he was convicted as a recidivist for obtaining $120.75 by false pretenses, following convictions for passing a no-account check and passing a forged check. Nevertheless, he received a mandatory sentence of life in prison with an opportunity of parole. This court *en banc* and the U.S. Supreme Court found that the sentence was not so *grossly* disproportionate as to violate the Eighth Amendment. *Rummel v. Estelle*, 587 F.2d 651 (5th Cir.1978) (en banc); *Rummel*, 445 U.S. 263, 100 S.Ct. 1133.

There can be no argument, in the light of *Rummel*, that McGruder's sentence is disproportionate, much less *grossly* disproportionate, to his offense. Although it is true that Rummel's sentence did not forbid parole, as does McGruder's, Rummel's record of offenses was much less grave than McGruder's. We therefore hold, in the light of our precedent and the precedent of the Supreme Court, that as a matter of law, McGruder's sentence is not unconstitutionally disproportionate. *See Seritt v. Alabama*, 731 F.2d 728 (11th Cir.1984) *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 433 (life without parole not disproportionate for armed robber with prior drug selling convictions); *United States v. Milburn*, 836 F.2d 419 (8th Cir.1988) *cert. denied* 487 U.S. 1222, 108 S.Ct. 2880, 101 L.Ed.2d 915 (life without parole not disproportionate for participant in continuing criminal enterprise). McGruder's sentence to life imprisonment without parole is therefore not cruel and unusual punishment under the Eighth Amendment.

IV

For the reasons set forth, the denial of the petition for writ of habeas corpus is AFFIRMED.