TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00595-CR

Joe Glen Lara, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT

NO. 19,596, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING

Appellant Joe Glen Lara pleaded guilty to indecency with a child by contact. See
Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2000). Pursuant to a plea bargain, the district
court placed appellant on deferred adjudication community supervision after finding that the
evidence substantiated appellant's guilt. The State later filed a motion to revoke supervision and
proceed to adjudication. At a hearing on the motion, appellant pleaded true to all but two of the
alleged violations. The court adjudged appellant guilty and sentenced him to imprisonment for
twenty years.

By three points of error, appellant contends his punishment is excessive in violation
of the constitutional and statutory bans on cruel and unusual punishment. See U.S. Const. amend.
VIII; Tex. Const. art. I, § 13; Tex. Code Crim. Proc. Ann. art. 1.09 (West 1977). Appellant
offers no argument or authority that Texas law is more protective of an individual's rights in this
regard than is the Eighth Amendment. Article I, section 13 is not violated when the punishment
assessed is within the limits prescribed by statute, as it is in this cause. See Samuel v. State, 477
S.W.2d 611, 614 (Tex. Crim. App. 1972). Article 1.09 is identical to article I, section 13. 
Points of error two and three are overruled.

Appellant relies on the opinion in McGruder v. Puckett, 954 F.2d 313 (5th Cir.
1992), in support of his Eighth Amendment claim. In McGruder, the court reviewed the opinions 
in Solem v. Helm, 463 U.S. 277 (1983), and Harmelin v. Michigan, 501 U.S. 957 (1991), and
concluded that the Eighth Amendment contains a guaranty against disproportionate sentences. See
McGruder, 954 F.2d at 316. According to McGruder, we must first determine whether the
sentence is disproportionate to the offense. See id. If it is, we then compare the sentence in
question to sentences received for similar crimes in the same jurisdiction and in other
jurisdictions. See id.

Appellant does not discuss the facts of this case or otherwise support his assertion
that his punishment is disproportionate to his offense. Further, even if we were inclined to agree
that the sentence is disproportionate, the record contains no information by which we could
compare appellant's sentence to sentences for similar offenses in Milam County or other
jurisdictions. Point of error one is overruled.

The judgment of conviction is affirmed.

 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: June 15, 2000

Do Not Publish