# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00311-CR

**Jessie D. Bingham, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-02-0109-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jessie D. Bingham guilty of theft of property having an aggregate value of more than $1500. Tex. Pen. Code Ann. '' 31.03(a), (e)(4)(A), .09 (West 2003). The jury assessed punishment, enhanced by two previous felony convictions, at imprisonment for twelve years and a $6000 fine. *Id*. ' 12.42(a)(2). By three points of error, appellant contends the district court should have granted a continuance and a mistrial, and that the evidence does not support the jury=s punishment decision. Finding no merit to these contentions, we affirm the judgment.

At a pretrial hearing and arraignment on April 8, 2002, appellant expressed dissatisfaction with the attorney appointed to represent him in this cause. Appellant was displeased with the State=s plea bargain offers, which he blamed on counsel. Two days later, appellant returned to court and waived his right to counsel in writing. Tex. Code Crim. Proc. Ann. art. 1.051(g) (West Supp. 2003). Appointed

counsel was instructed to sit with appellant and to give advice upon request. Appellant, who had pleaded guilty at the arraignment, indicated that he wanted a jury to assess punishment.

Jury selection began on April 15, 2002. After the prosecutor completed his questioning of the panel, appellant, outside the panel=s presence, complained that he had not had time to prepare for trial, expressed his continued dissatisfaction with the attorney now serving as his stand-by counsel, and announced his intention not to participate in the jury selection process. In point of error two, appellant complains that the court erred by denying a continuance. Assuming that appellant=s remarks to the court constituted a request for a continuance, it was not in proper form. *See id*. art. 29.03 (West 1989) (motion for continuance must be in writing). An oral motion for continuance presents nothing for review. *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999). Point of error two is overruled.

After several witnesses had been called by the State, appellant asked the court for permission to change his plea from guilty to not guilty. Permission was granted and the jury was informed that it would be determining appellant=s guilt as well as his punishment. In point of error three, appellant urges that the court should have declared a mistrial because penitentiary packets and other evidence relevant only to punishment had been introduced in evidence before appellant changed his plea. Appellant did not ask for a mistrial, however, and cites no authority suggesting that the court should have declared a mistrial on its own motion. Point of error three is overruled.

Finally, appellant urges that the punishment assessed was not justified by the evidence presented. Appellant pleaded true to the enhancement allegations. The punishment assessed was within the range prescribed by law, and hence not cruel or unusual. *See Samuel v. State*, 477 S.W.2d 611, 614

(Tex. Crim. App. 1972). The punishment does not appear to be grossly disproportionate to the offense, given appellant=s criminal record. The record does not contain information regarding sentences imposed for similar crimes in this and other jurisdictions. *See Solem v. Helm*, 463 U.S. 277, 287 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). Point of error one is overruled.

      The judgment of conviction is affirmed.


_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   April 24, 2003

Do Not Publish

**3**