TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00311-CR






Jessie D. Bingham, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-02-0109-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Jessie D. Bingham guilty of theft of property having an
aggregate value of more than $1500. Tex. Pen. Code Ann. §§ 31.03(a), (e)(4)(A), .09 (West 2003). 
The jury assessed punishment, enhanced by two previous felony convictions, at imprisonment for
twelve years and a $6000 fine. Id. § 12.42(a)(2). By three points of error, appellant contends the
district court should have granted a continuance and a mistrial, and that the evidence does not
support the jury's punishment decision. Finding no merit to these contentions, we affirm the
judgment.

At a pretrial hearing and arraignment on April 8, 2002, appellant expressed
dissatisfaction with the attorney appointed to represent him in this cause. Appellant was displeased
with the State's plea bargain offers, which he blamed on counsel. Two days later, appellant returned
to court and waived his right to counsel in writing. Tex. Code Crim. Proc. Ann. art. 1.051(g) (West
Supp. 2003). Appointed counsel was instructed to sit with appellant and to give advice upon request. 
Appellant, who had pleaded guilty at the arraignment, indicated that he wanted a jury to assess
punishment.

Jury selection began on April 15, 2002. After the prosecutor completed his
questioning of the panel, appellant, outside the panel's presence, complained that he had not had
time to prepare for trial, expressed his continued dissatisfaction with the attorney now serving as his
stand-by counsel, and announced his intention not to participate in the jury selection process. In
point of error two, appellant complains that the court erred by denying a continuance. Assuming that
appellant's remarks to the court constituted a request for a continuance, it was not in proper form. 
See id. art. 29.03 (West 1989) (motion for continuance must be in writing). An oral motion for
continuance presents nothing for review. Dewberry v. State, 4 S.W.3d 735, 755 (Tex. Crim. App.
1999). Point of error two is overruled.

After several witnesses had been called by the State, appellant asked the court for
permission to change his plea from guilty to not guilty. Permission was granted and the jury was
informed that it would be determining appellant's guilt as well as his punishment. In point of error
three, appellant urges that the court should have declared a mistrial because penitentiary packets and
other evidence relevant only to punishment had been introduced in evidence before appellant
changed his plea. Appellant did not ask for a mistrial, however, and cites no authority suggesting
that the court should have declared a mistrial on its own motion. Point of error three is overruled.

Finally, appellant urges that the punishment assessed was not justified by the evidence
presented. Appellant pleaded true to the enhancement allegations. The punishment assessed was
within the range prescribed by law, and hence not cruel or unusual. See Samuel v. State, 477 S.W.2d
611, 614 (Tex. Crim. App. 1972). The punishment does not appear to be grossly disproportionate
to the offense, given appellant's criminal record. The record does not contain information regarding
sentences imposed for similar crimes in this and other jurisdictions. See Solem v. Helm, 463 U.S.
277, 287 (1983); McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). Point of error one is
overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: April 24, 2003

Do Not Publish