**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30223
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARCELLUS WASHINGTON,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-10014-ALL
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

    Marcellus Washington was convicted in a jury trial of
attempted murder of a federal employee (count one), assaulting a
federal employee (count two), and resisting a federal employee
(count three).  Washington was sentenced to (1) life imprisonment
on counts one and three and three years of imprisonment on count
two, all of which were to run concurrently; (2) three years of
supervised release on counts one and three and one year of

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release on count two, all of which were to run concurrently; and (3) a $300 special assessment.

Washington argues on appeal that the evidence was insufficient to support his conviction for attempted murder of a federal employee. He contends that because he told a prison psychologist that he was having suicidal thoughts and was considering attacking another inmate in order to get himself killed, there was equal circumstantial support for theories of innocence and guilt, and thus his conviction should be overturned. See United States v. Barton, 257 F.3d 433, 439 (5th Cir. 2001). However, Washington told the psychologist and two investigators after the incident that his intent was to kill the victim, rather than to get himself killed. Therefore, viewing the evidence in the light most favorable to the verdict, there was not equal or nearly equal circumstantial support for theories of innocence and guilt, and a rational trier of fact could have found beyond a reasonable doubt that Washington had intended to kill the victim. See Barton, 257 F.3d at 439; United States v. Moser, 123 F.3d 813, 819 (5th Cir. 1997); United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993).

Washington also argues that, in violation of the Eighth Amendment, his sentence of life imprisonment is grossly disproportionate to the crimes committed. In McGruder v. Puckett, 954 F.2d 313, 316-17 (5th Cir. 1992), this court held that a conviction for auto burglary, when coupled with a prior

history of convictions that included two armed robberies, was not disproportionate to a sentence of life imprisonment without parole under a Mississippi habitual offender statute. Similarly, Washington's sentence of life imprisonment without parole as an habitual offender is not grossly disproportionate to his instant crimes of attempting to kill a federal employee and resisting a federal employee, along with his prior convictions for (1) possession of a weapon for an unlawful purpose, resisting arrest, and two counts of robbery and (2) robbery, use of a firearm during a crime of violence, and carjacking, and thus his sentence does not violate the Eighth Amendment. See id.

Washington argues for the first time on appeal that the district court erred in making various adjustments to his base offense level and in enhancing his sentence due to his status as a career offender because the factual findings supporting the adjustments and the enhancement were made by the district court by a preponderance of the evidence and were not made by a jury based on proof beyond a reasonable doubt. He contends that, in light of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), the use of the court's factual findings in the determination of his sentence violates the Sixth Amendment. As Washington acknowledges, this issue is foreclosed. See United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263).

AFFIRMED.