IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-30164
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT C. MONTGOMERY, also known as Robert Cecil Montgomery

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CR-50075-3

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert C. Montgomery appeals the mandatory 120-month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute crack cocaine. Montgomery argues that the sentence is cruel and unusual in violation of the Eighth Amendment because it is grossly disproportionate to the severity of the offense committed. In comparison to the life sentence imposed in Rummel v. Estelle, 445 U.S. 263, 263 (1980), on a non-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violent criminal pursuant to a recidivist statute, and the thirty-year sentence imposed in United States v. Gonzales, 121 F.3d 928, 943-44 (5th Cir. 1997), on a non-habitual offender convicted of using or carrying a firearm during a drug-trafficking offense, the sentence imposed on Montgomery is not grossly disproportionate to his offense.  See Gonzales, 121 F.3d at 943-44; McGruder v. Puckett, 954 F.2d 313, 316-17 (5th Cir. 1992).  Further, although this case involves a mandatory minimum sentence, rather than a sentence imposed under the advisory guidelines, we note that the sentence is within the advisory guidelines range for this offense.  See U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 (2007) (amended 2008) (guidelines range would have been 97-121 months for this offense, given Montgomery's criminal history).  As such, it would be considered presumptively reasonable, not grossly disproportionate.  See Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (holding that a court of appeals may apply "a presumption of reasonableness" to a sentence falling within the guidelines range).

Accordingly, the district court's judgment is AFFIRMED.