Opinion filed September
13, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00305-CR

                                                    __________

 

                       WESLEY
DARNELL WINKFIELD, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 18th District Court

 

                                                          Johnson
County, Texas

 

                                                    Trial
Court Cause No. F44601

 



 

M E M O R A N D U M   O P I N I O N

Wesley
Darnell Winkfield appeals his conviction by a jury of the offense of delivery
of a controlled substance, cocaine, in an amount of one gram or more but less
than four grams.  After finding two enhancement paragraphs true, the jury
assessed his punishment at ninety-nine years in the Texas Department of
Criminal Justice, Institutional Division.  Winkfield presents three issues: (1)
the punishment assessed was excessive and disproportionate; (2) the trial court
erred by allowing the State to admit prejudicial hearsay evidence; and (3) the
trial court erred by not ordering the State to provide copies of the video evidence
of the drug sale transaction to him before trial.  We affirm.

Winkfield
contends in Issue One that the punishment assessed by the jury was excessive
and disproportionate.  The Eighth Amendment protection against cruel and
unusual punishment also precludes sentences that are disproportionate.  McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992).  In considering a claim that
a sentence is disproportionate, we first make a threshold comparison of the
gravity of the appellant’s offenses against the severity of his or her
sentence.  Id.  Only if we infer that the sentence is grossly
disproportionate to the offense will we then compare the sentence received to
sentences for similar crimes in Texas and sentences for the same crime in other
jurisdictions.  Id.  

Winkfield
was sentenced as an habitual offender in accordance with Section 12.42(d)
of the Texas Penal Code.  Tex. Penal
Code Ann. § 12.42(d) (West Supp. 2012).  That being the case, his
sentence was imposed to reflect the seriousness of his most recent offense, not
as it stands alone, but in light of his prior offenses.  Id.  Proof was
made of the two prior offenses alleged in the indictment, one for failing to
register as a sex offender, and one for burglary of a habitation.  Evidence was
also presented showing that Winkfield had been convicted of the offense of
aggravated sexual assault.  A witness testified that, when she was sixteen, she
had smoked crack cocaine with Winkfield at his sister’s house and that
Winkfield masturbated on her pajamas.  She said that, on one occasion,
Winkfield tried to make her pay for the crack cocaine by trying to force her to
have sex with him, but was unsuccessful.  Considering the entire record, we
hold that Winkfield’s punishment was not unconstitutionally disproportionate.  See
Rummel v. Estelle, 445 U.S. 263, 265–85 (1980).  We overrule Issue One. 


Winkfield
urges in Issue Two that the trial court erred by allowing the State to admit
prejudicial hearsay evidence.  Adam King testified that he had been the
commander of the S.T.O.P. Special Crimes Unit in Cleburne since 1999.  In
response to a question on cross-examination, Commander King testified that the
crack sold weighed 1.65 grams.  We take judicial notice that “crack” is slang
for pellet-size pieces of highly purified cocaine.  DICTIONARY.COM, http://dictionary.reference.com/browse/crack?s=t
(definition no. 33).  On redirect examination, the State asked what the report
of the Texas Department of Public Safety showed the substance contained.  The trial
court overruled Winkfield’s general objection.  Commander King then testified
that the report indicated positive for cocaine.  Previously, Commander King had
testified, when asked why he had packaged the drug as he did, concerning the
deterioration of crack or rock cocaine if not packaged properly.  Also,
Commander King had expressed his opinion, based upon his training and
experience, that the substance in question was crack cocaine.  We need not
decide whether the trial judge erred in allowing Commander King’s testimony
that the Department of Public Safety’s report showed the substance to be
cocaine because the admission of inadmissible evidence is rendered harmless if
other evidence at trial is admitted without objection that proves the same fact
that the inadmissible evidence sought to prove.  Brown v. State, 757
S.W.2d 739, 741 (Tex. Crim. App. 1988).  In this case, the other evidence had
previously been introduced by Winkfield during cross-examination.  Winkfield
asserts that the testimony was prejudicial but makes no argument as to why it
would be in view of the other evidence showing that the substance was cocaine. 
We overrule Issue Two.

Winkfield
asserts in Issue Three that the trial court erred by not ordering the State to
provide him copies of video evidence of the drug sale transaction before
trial.  Pursuant to Article 39.14 of the Texas Code of Criminal Procedure,[1]
various provisions of the United States and Texas Constitutions, and the Texas
Rules of Disciplinary Procedure, Winkfield sought a copy of a videotape that
the State had made of the drug sale.  The State noted that Winkfield’s counsel
could view the videotape in the office of the prosecuting attorney between 8:00
a.m. and 5 p.m., Monday through Friday, and stated that the release of a copy
would endanger the State’s confidential informant, even though the informant’s
name had been revealed when the case had been reindicted.  Winkfield argued why
it would be convenient and necessary for him to have a copy of the video as
opposed to viewing it in the prosecuting attorney’s office.  His counsel stated
that, as an officer of the court, he would not make any copies, would not let
anyone take any copies, and would return any copies after the trial.  The trial
court denied the request for a copy.  Winkfield concedes that the Texas Code of
Criminal Procedure does not require that he be provided with a copy, but argues
that it is not fair that it is not required.  While the record reflects
counsel’s concerns about how the failure to provide a
copy might adversely affect his defense, the record does not reflect in what
way, if any, the failure to have a copy actually affected his preparation for
trial.  Consequently, the record does not reflect that Winkfield was harmed by
the denial of the copy.  We overrule Issue Three.  




 

            The
judgment is affirmed. 

 

                                                                                    PER
CURIAM

 

September 13,
2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel[2]
consists of: Wright, C.J.,

McCall, J., and Hill.[3]









                [1]Tex. Code Crim. Proc. Ann. art. 39.14 (West Supp. 2012).

 





                [2]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[3]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.