**Opinion filed September 13, 2012**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-10-00305-CR**

_____

**WESLEY DARNELL WINKFIELD, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 18th District Court**

**Johnson County, Texas**

**Trial Court Cause No. F44601**

**M E M O R A N D U M   O P I N I O N**

Wesley Darnell Winkfield appeals his conviction by a jury of the offense of delivery of a controlled substance, cocaine, in an amount of one gram or more but less than four grams. After finding two enhancement paragraphs true, the jury assessed his punishment at ninety-nine years in the Texas Department of Criminal Justice, Institutional Division. Winkfield presents three issues: (1) the punishment assessed was excessive and disproportionate; (2) the trial court erred by allowing the State to admit prejudicial hearsay evidence; and (3) the trial court erred by not ordering the State to provide copies of the video evidence of the drug sale transaction to him before trial. We affirm.

Winkfield contends in Issue One that the punishment assessed by the jury was excessive and disproportionate. The Eighth Amendment protection against cruel and unusual punishment also precludes sentences that are disproportionate. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). In considering a claim that a sentence is disproportionate, we first make a threshold comparison of the gravity of the appellant's offenses against the severity of his or her sentence. *Id.* Only if we infer that the sentence is grossly disproportionate to the offense will we then compare the sentence received to sentences for similar crimes in Texas and sentences for the same crime in other jurisdictions. *Id.*

Winkfield was sentenced as an habitual offender in accordance with Section 12.42(d) of the Texas Penal Code. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2012). That being the case, his sentence was imposed to reflect the seriousness of his most recent offense, not as it stands alone, but in light of his prior offenses. *Id.* Proof was made of the two prior offenses alleged in the indictment, one for failing to register as a sex offender, and one for burglary of a habitation. Evidence was also presented showing that Winkfield had been convicted of the offense of aggravated sexual assault. A witness testified that, when she was sixteen, she had smoked crack cocaine with Winkfield at his sister's house and that Winkfield masturbated on her pajamas. She said that, on one occasion, Winkfield tried to make her pay for the crack cocaine by trying to force her to have sex with him, but was unsuccessful. Considering the entire record, we hold that Winkfield's punishment was not unconstitutionally disproportionate. *See Rummel v. Estelle*, 445 U.S. 263, 265–85 (1980). We overrule Issue One.

Winkfield urges in Issue Two that the trial court erred by allowing the State to admit prejudicial hearsay evidence. Adam King testified that he had been the commander of the S.T.O.P. Special Crimes Unit in Cleburne since 1999. In response to a question on cross-examination, Commander King testified that the crack sold weighed 1.65 grams. We take judicial notice that "crack" is slang for pellet-size pieces of highly purified cocaine. DICTIONARY.COM, http://dictionary.reference.com/browse/crack?s=t (definition no. 33). On redirect examination, the State asked what the report of the Texas Department of Public Safety showed the substance contained. The trial court overruled Winkfield's general objection. Commander King then testified that the report indicated positive for cocaine. Previously, Commander King had testified, when asked why he had packaged the drug as he did, concerning the deterioration of crack or rock cocaine if not packaged properly. Also, Commander King had

2

expressed his opinion, based upon his training and experience, that the substance in question was crack cocaine. We need not decide whether the trial judge erred in allowing Commander King's testimony that the Department of Public Safety's report showed the substance to be cocaine because the admission of inadmissible evidence is rendered harmless if other evidence at trial is admitted without objection that proves the same fact that the inadmissible evidence sought to prove. *Brown v. State*, 757 S.W.2d 739, 741 (Tex. Crim. App. 1988). In this case, the other evidence had previously been introduced by Winkfield during cross-examination. Winkfield asserts that the testimony was prejudicial but makes no argument as to why it would be in view of the other evidence showing that the substance was cocaine. We overrule Issue Two.

Winkfield asserts in Issue Three that the trial court erred by not ordering the State to provide him copies of video evidence of the drug sale transaction before trial. Pursuant to Article 39.14 of the Texas Code of Criminal Procedure,[1] various provisions of the United States and Texas Constitutions, and the Texas Rules of Disciplinary Procedure, Winkfield sought a copy of a videotape that the State had made of the drug sale. The State noted that Winkfield's counsel could view the videotape in the office of the prosecuting attorney between 8:00 a.m. and 5 p.m., Monday through Friday, and stated that the release of a copy would endanger the State's confidential informant, even though the informant's name had been revealed when the case had been reindicted. Winkfield argued why it would be convenient and necessary for him to have a copy of the video as opposed to viewing it in the prosecuting attorney's office. His counsel stated that, as an officer of the court, he would not make any copies, would not let anyone take any copies, and would return any copies after the trial. The trial court denied the request for a copy. Winkfield concedes that the Texas Code of Criminal Procedure does not require that he be provided with a copy, but argues that it is not fair that it is not required. While the record reflects counsel's concerns about how the failure to provide a copy might adversely affect his defense, the record does not reflect in what way, if any, the failure to have a copy actually affected his preparation for trial. Consequently, the record does not reflect that Winkfield was harmed by the denial of the copy. We overrule Issue Three.

---

[1]TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2012).

3

The judgment is affirmed.

PER CURIAM

September 13, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill.[3]

---

[2]Eric Kalenak, Justice, resigned effective September 3, 2012.  The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[3]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.