Opinion filed November 1,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00365-CR

                                                    __________

 

                         MICHAEL
SHANE CORONADO, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                   Trial
Court Cause No. CR20718

 



 

M E M O R A N D U M   O P I N I O N

Michael
Shane Coronado appeals his conviction by the trial court, upon his open plea of
guilty, of the offense of “Continuous Sexual Abuse of Young Child or Children.” 
Following Coronado’s plea of true to enhancement allegations, the trial court
assessed his punishment at life imprisonment in the Texas Department of
Criminal Justice, Institutional Division.   Coronado contends in a single issue
that the punishment assessed was cruel and unusual because it is grossly
disproportionate to the act committed under both the United States and Texas
Constitutions.  We affirm. 

            Texas
courts have traditionally held that, as long as the punishment is within the
range established by the legislature in a valid statute, the punishment
assessed does not violate either the federal or Texas prohibitions against
cruel and/or unusual punishment.  Jackson v. State, 989 S.W.2d 842, 846
(Tex. App.—Texarkana 1999, no pet.).  However, the Eighth Amendment protection
against cruel and unusual punishment also precludes sentences that are
disproportionate.  McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir. 1992).  In considering a claim that a sentence is disproportionate, we
first make a threshold comparison of the gravity of the appellant’s offenses
against the severity of his or her sentence.  Id.  Only if we infer that
the sentence is grossly disproportionate to the offense will we then compare
the sentence received to sentences for similar crimes in Texas and sentences
for the same crime in other jurisdictions.  Id.

            Coronado
pleaded true to two enhancement paragraphs alleging that he had previously been
convicted of two felony offenses of burglary of a habitation.  That being the
case, his sentence was imposed to reflect the seriousness of his most recent
offense, not as it stands alone, but in light of his prior offenses.  Id.  Given
evidence that Coronado had sexual activity over a period of time with his
biological daughter and the fact that he had previously been convicted on more
than one occasion of the offense of burglary of a habitation, we hold that
Coronado’s punishment was not unconstitutionally disproportionate.  See
Rummel v. Estelle, 445 U.S. 263 (1980).  We also note that, even if
we had proceeded to compare Coronado’s sentence to those received for similar
crimes in Texas or in other jurisdictions, Coronado has not referred us to any
evidence in the record to which we could refer in making such a comparison or
to any authority to support his contention that his sentence is
disproportionate.  We overrule Coronado’s sole issue on appeal. 

            The
judgment is affirmed.

 

                                                                                                            PER
CURIAM

November 1, 2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel[1]
consists of: Wright, C.J.,

McCall, J., and Hill.[2]









                [1]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.