# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

Lyle W. Cayce
Clerk

No. 12-40444
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MIGUEL ANGEL MORA-GONZALEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-1332-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty plea, Miguel Angel Mora-Gonzalez was convicted of possession with intent to distribute 694.05 kilograms of marijuana and received, *inter alia*, 262-months' imprisonment. Contesting that sentence, Mora contends: the district court's imposing enhancements under Guidelines §§ 3B1.1(b) (supervisory role) and 3C1.1 (obstructing justice) was erroneous; the evidence of his previous marijuana trafficking was insufficient to support an increase to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

base-offense level; and the duration of his imprisonment violates his Eighth Amendment right to freedom from cruel and unusual punishment.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Regarding the supervisory-role enhancement of his sentence under Guideline § 3B1.1(b), Mora contends the evidence was insufficient to support the district court's finding he was a leader or organizer.  A defendant's role in an offense is a factual finding reviewed for clear error. *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006).

Mora presented no evidence rebutting the presentence investigation report (PSR), which provided that Mora recruited, hired, transported, and paid three co-defendants for their participation in the offense.  The district court was entitled to adopt those facts without further inquiry. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009).  Because the district court's finding Mora was a leader or organizer is "plausible in [the] light of the record read as a whole", its finding him eligible for an enhancement under Guideline § 3B1.1(b) was not clear error. *Rose*, 449 F.3d at 633.

Regarding the obstruction-of-justice enhancement of his sentence under Guideline § 3C1.1, Mora contends his recorded prison telephone conversations with his common-law wife were inadmissible as privileged marital communications and because he was not warned in Spanish they would be monitored and recorded.  The admission of such evidence is reviewed for abuse of discretion. *United States v. Ramirez,* 145 F.3d 345, 355 (5th Cir. 1998).

Having heard Special Agent Flores testify at the sentencing hearing that 80 percent of the recordings contained warnings in Spanish that conversations were monitored, the district court found the privilege waived. In any event, Mora and his wife discussed plans to lie to federal agents and suborn a codefendant's perjury. Conversations between husband and wife, which relate to the joint commission of crime, are not protected by the marital-communications privilege. *Id.* Therefore, the court's admitting the conversations was not an abuse of discretion, *id.*, and its finding Mora eligible for an enhancement under Guideline § 3C1.1 was not clear error. *Rose*, 449 F.3d at 633.

Regarding his sufficiency-of-the-evidence challenge to the contraband attributable to him for purposes of calculating his base-offense level, Mora asserts the district court's findings were speculative. Drug quantities attributable to a defendant are findings of fact reviewed for clear error. *United States v. Betancourt,* 422 F.3d 240, 246 (5th Cir. 2005).

A sentencing judge may consider acts "that [are] part of the same course of conduct . . . as the offense of conviction". U.S.S.G. § 1B1.3(a)(2); *United States v. Wall,* 180 F.3d 641, 644 (5th Cir. 1999). Again, the court based its findings on the PSR, which Mora did not rebut. Additionally, Agent Flores and co-defendant Mendez-Flores testified that Mora was involved in at least ten prior marijuana loads, totaling approximately 7,634 kilograms. These findings were "plausible in [the] light of the record". *Rose*, 449 F.3d at 633.

Regarding his Eighth Amendment claim, Mora contends the 262-month sentence is cruel and unusual because it is disproportionate to the offense, and because he is 22-years' old with no prior criminal convictions. Because he did not raise this claim in district court, review is only for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Under plain-error review, Mora must show a clear or obvious error that affected his substantial rights. *Id.* This he cannot do. The Eighth Amendment proscribes a sentence that is grossly disproportionate to the offense. *McGruder*

*v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992). Mora's sentence was at the bottom of the advisory Guidelines sentencing range, and the Guidelines are a "convincing objective indicator of proportionality". *United States v. Cardenas-Alvarez*,  987 F.2d 1129, 1133-34 (5th Cir. 1993) (internal citations omitted).

AFFIRMED.