# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 1, 2013

No. 12-10482
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK ANDREW TALAMINI,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-180-8

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mark Andrew Talamini appeals the 312-month within-guidelines sentence he received following his guilty plea to conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin. Talamini argues that his sentence violates the Eighth Amendment of the Constitution because his sentence is purposeless and grossly disproportionate to the seriousness of his crime of conviction in violation of the prohibition against cruel and unusual punishment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ordinarily, we review constitutional claims de novo. *United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000). However, because Talamini did not raise any constitutional objections to his sentence in the district court, we review for plain error only. *See United States v. Ebron*, 683 F.3d 105, 155 (5th Cir. 2012), *petition for cert. filed* (U.S. Oct. 24, 2012) (No. 12-6956).

Talamini's assertion that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment is without merit. The Eighth Amendment prohibits a sentence that is grossly disproportionate to the severity of the crime for which it is imposed. *Solem v. Helm*, 463 U.S. 277, 288 (1983). When evaluating an Eighth Amendment proportionality challenge, we make a threshold comparison between the gravity of the charged offense and the severity of the sentence. *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992). In non-capital cases, successful challenges to the proportionality of particular sentences are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

In the instant case, Talamini's 312-month prison sentence is not grossly disproportionate to the severity of his controlled substance offense when measured against the benchmark in *Rummel*, 445 U.S. at 284-85. Additionally, Talamini's sentence is within the properly calculated guidelines range, which is a "convincing objective indicator of proportionality." *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993) (internal quotation marks and citation omitted). Accordingly, Talamini cannot demonstrate plain error. *See Ebron*, 683 F.3d at 155.

The judgment of the district court is AFFIRMED.