# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20100
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

D. J. CHRISTOPHER LOWE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-141-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

D. J. Christopher Lowe pleaded guilty to six counts of sexual exploitation of a child, one count of distribution of child pornography, and one count of possession of child pornography. He appeals his sentence of 511 months of imprisonment.

Lowe first argues that the sentence imposed violates the Eighth Amendment because it is grossly disproportionate to his offenses. We review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional claims de novo. *See United States v. Romero-Cruz,* 201 F.3d 374, 377 (5th Cir. 2000). When evaluating an Eighth Amendment proportionality challenge, we first make a threshold comparison between the gravity of the charged offense and the severity of the sentence. *McGruder v. Puckett,* 954 F.2d 313, 315-16 (5th Cir. 1992). If the sentence is not grossly disproportionate to the offense, our inquiry is finished. *See id.* at 316. If the sentence is grossly disproportionate, we then proceed to compare the sentence at issue with (1) sentences imposed for similar crimes in the same jurisdiction and (2) sentences imposed for the same crime in other jurisdictions. *Id.* In non-capital cases, successful challenges to the proportionality of particular sentences are "exceedingly rare." *Rummel v. Estelle,* 445 U.S. 263, 272 (1980).

In determining whether a sentence is "grossly disproportionate," we look to *Rummel* as a guide. *McGruder,* 954 F.2d at 317. In comparison to the life sentence upheld in *Rummel,* Lowe has not shown that his 511-month sentence he received was grossly disproportionate. Although Lowe had no criminal history, we note that he victimized multiple children, engaged in sexual contact with two of his own children, distributed images to at least one other person, and had an extensive collection of other videos and images. Because Lowe has not shown that his sentence was grossly disproportionate to his offenses, it is unnecessary to proceed to the second step of the analysis and compare his sentence to other cases. *See McGruder,* 954 F.2d at 316.

Lowe also argues that his sentence is substantively unreasonable because it gave too little weight to mitigating circumstances and represents a clear error in balancing the sentencing factors of 18 U.S.C. § 3553(a). As an initial matter, we note that Lowe's sentence was a downward variance from the sentence of life recommended by the Sentencing Guidelines. A sentence within, or below, the applicable guidelines range is presumed to be reasonable.

No. 13-20100

*United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006) (within guidelines range sentence); *United States v. Murray,* 648 F.3d 251, 258 (5th Cir. 2011) (below guidelines range sentence).   To rebut the presumption of reasonableness, a defendant must show that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors.  *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Lowe has not shown that the district court failed to account for a sentencing factor that should have been accorded substantial weight, gave substantial weight to an irrelevant or improper factor, or made a clear error of judgment in balancing sentencing factors.  *See Cooks,* 589 F.3d at 186.  The record shows that the district court listened to and carefully considered Lowe's arguments, stated that it had taken into account the Sentencing Guidelines, and explicitly considered the factors set forth in § 3553(a).  We conclude that Lowe has not rebutted the presumption of reasonableness.  *See Murray,* 648 F.3d at 258.

AFFIRMED.