

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00116-CR

KEITH WILLIAM BENNETT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 44069-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

William Keith Bennett appeared before the trial court December 15, 2014 and entered an open plea of guilty to possession of more than 4 grams but less than 200 grams of a controlled substance (methamphetamine) with the intent to deliver it, the penalty being enhanced by two prior theft convictions. At the plea hearing, the trial court reminded Bennett that the range of punishment for the offense ranged from twenty-five years' imprisonment to ninety-nine years' or life imprisonment. The trial court then set a bond for Bennett and rescheduled the punishment hearing for a later date so a presentence investigation report could be obtained. One of the last things the trial court did was strongly advise Bennett to be certain to attend the sentencing hearing. Despite this sage advice, Bennett failed to appear at the scheduled March 4, 2015 sentencing hearing, and his bond was revoked. Returned to custody June 4, 2015, Bennett was scheduled for a new hearing on punishment July 16, 2015. Bennett offered testimony from himself and his mother regarding his plea for leniency, following which he was sentenced to thirty years' imprisonment.

On appeal, Bennett has claimed to have been assessed with a penalty that was disproportionate to the crime that was committed and, thus, in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment. In his brief, Bennett points out that punishments for crimes are to be graduated and proportioned to the offenses that were committed, citing *Graham v. Florida*, 560 U.S. 48 (2010), as his authority and criticizes the practice of the authorities in incarcerating drug addicts in lieu of treating their addictions as a medical problem.

We note that the United States Supreme Court addressed the issue of proportionality of sentences at length in *Solem v. Helm*, 463 U.S. 277, 290 (1983), laying down a three-part test of objective criteria: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id*. at 292. However, the test in *Solem* was modified somewhat by that court's ruling in the plurality opinion issued in *Harmelin v. Michigan*, 501 U.S. 957 (1991). In that case, the *Solem* proportionality test was rejected by two of the justices and three justices took the position that there was a narrow proportionality principle contained within the Eighth Amendment, with only four of the justices holding that (in essence) the test in the *Solem* case was correct. *Id.* at 1027 (White, J., dissenting). Following *Harmelin*, the Fifth Circuit Court of Appeals subsequently adopted the modified *Solem* test. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). Under the *McGruder* analysis, the initial inquiry is a comparison of the gravity of the offense weighed against the severity of the punishment received. *Id*. If a reviewing court does not find that the sentence is grossly disproportionate to the offense, there is no need to attempt to apply the final two prongs of the *Solem* test. *Id.*

As mentioned previously, the sentence range for the crime with which Bennett was charged had a minimum sentence of twenty-five years' imprisonment with a ceiling of ninety-nine years' imprisonment or imprisonment for life. Bennett's sentence was only thirty years' confinement, well toward the lower end of the range of punishment that was possible. Considering the range of punishment that the Legislature has prescribed, we do not consider the sentence meted out to Bennett to be disproportionately harsh.

Because we do not deem the severity of the punishment disproportionate to the gravity of the offense (when the enhancements are taken into account), it is not necessary to weigh the other criteria set out in *Solem*.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     March 14, 2016
Date Decided:       April 13, 2016

Do Not Publish