# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11225
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMONDO ACUNA, also known as Raymond Acuna,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-21-14

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Raymondo Acuna appeals his above-guidelines prison sentence for possession with intent to distribute a controlled substance.  He argues that his sentence violates the Eighth Amendment because the sentence is grossly disproportionate to the seriousness of his crime of conviction and thus constitutes cruel and unusual punishment.  We review his constitutional claim *de novo*.  *United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11225

Acuna's assertion that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment is without merit. The Eighth Amendment prohibits a sentence that is grossly disproportionate to the severity of the crime for which it is imposed. *Solem v. Helm*, 463 U.S. 277, 288 (1983). When evaluating an Eighth Amendment proportionality challenge, we make a threshold comparison between the gravity of the charged offense and the severity of the sentence. *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992). We look to *Rummel v. Estelle*, 445 U.S. 263 (1980), as a benchmark. *United States v. Gonzales*, 121 F.3d 928, 943 (5th Cir. 1997), *abrogated on other grounds by United States v. O'Brien*, 560 U.S. 218 (2010).

The 200-month prison sentence is not grossly disproportionate to the severity of Acuna's drug offense when measured against the benchmark in *Rummel*. *See* 445 U.S. at 284–85. Accordingly, Acuna's Eighth Amendment claim fails. *See McGruder*, 954 F.2d at 315–17.

AFFIRMED.