# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10337
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD JASSO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16:-CR-12-10

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Richard Jasso appeals the mandatory life sentence imposed after a jury convicted him of distribution and possession with intent to distribute 50 grams or more of methamphetamine (meth). He argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because the sentence is disproportionate to the seriousness of the offense of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10337

conviction.  As Jasso raised this constitutional issue below, review is de novo. *United States v. Wallace*, 389 F.3d 483, 485 (5th Cir. 2004).

When evaluating an Eighth Amendment proportionality challenge, we make a threshold comparison between the gravity of the charged offense and the severity of the sentence.  *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992).  We look to *Rummel v. Estelle*, 445 U.S. 263, 272 (1980), as a benchmark.  *See United States v. Gonzales*, 121 F.3d 928, 943 (5th Cir. 1997), *abrogated on other grounds by United States v. O'Brien*, 560 U.S. 218 (2010). In light of Jasso's extensive criminal history, which includes convictions for felony drug offenses and violent crimes such as aggravated assault with a deadly weapon, he cannot demonstrate gross disproportionality against the benchmark in *Rummel*, 445 U.S. at 284-85.  *See Harmelin v. Michigan*, 501 U.S. 957, 961, 994-96 (1991); *United States v. Cooks*, 52 F.3d 101, 105 (5th Cir. 1995).  Accordingly, Jasso's Eighth Amendment challenge does not warrant relief.  *See McGruder*, 954 F.2d at 315-16.  The judgment of the district court is AFFIRMED.