

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00117-CR
No. 07-21-00118-CR

**LEE ADAM DELACRUZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 100th District Court
Hall County, Texas
Trial Court Nos. 3997, 4058, Honorable Stuart Messer, Presiding

February 28, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Lee Adam DeLaCruz, appellant, appeals his convictions for the third-degree felony offense of assault family violence, enhanced by a prior assault family violence conviction.[1] In both cases, he raises one issue contending that his six-year prison sentence is unconstitutionally disproportionate to the crime committed. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2).

## Background

On December 7, 2020, appellant pleaded guilty to one count of assault family violence, enhanced, in cause number 3997 and to another such count in cause number 4058. Both cases involved the same victim, a woman with whom appellant had a dating relationship. The trial court deferred adjudication of appellant's guilt in both cases and placed him on community supervision for four years. In cause number 3997, the trial court also assessed a fine of $4,000 and ordered 200 hours of community service.

On March 10 and March 11, 2021, the State filed motions to revoke appellant's community supervision and adjudicate his guilt, alleging that appellant had violated several terms of his community supervision. At the revocation hearings on the State's motions, appellant pleaded "true" to five of the alleged violations in cause number 3997 and to all of the alleged violations in cause number 4058. Appellant admitted to committing a new offense, to consuming methamphetamine on two occasions, and to consuming marijuana on two occasions. In both cases, after finding that appellant had violated the terms of his community supervision, the trial court convicted appellant of the underlying offense and assessed appellant's punishment at six years' confinement in the Texas Department of Criminal Justice. In addition, the trial court assessed a fine of $3,000 in cause number 3997. The trial court ordered the sentences to run consecutively. Appellant timely filed a notice of appeal, and this appeal ensued.

## Analysis[2]

---

[2] Appellant presents the same argument in each case; therefore, we apply the same analysis.

In his sole issue on appeal, appellant argues that the trial court's sentence was unconstitutionally disproportionate to the gravity of the offense, thereby constituting cruel and unusual punishment. Cruel and unusual punishment is prohibited under the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII. This provision, made applicable to the states through the Fourteenth Amendment, flows from the basic "precept of justice that punishment for crime should be graduated and proportioned to [the] offense." *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd) (internal quotations omitted).

The offense of assault family violence, enhanced, is a third-degree felony. TEX. PENAL CODE ANN. § 22.01(b)(2)(A). A third-degree felony is punishable by any imprisonment term of not less than two years nor more than ten years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34. It is undisputed that the sentences imposed by the trial court were within the range of punishment authorized by the Legislature.

Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Stacks v. State*, Nos. 07-15-00336-CR, 07-15-00337-CR, 2017 Tex. App. LEXIS 7690, at *15 (Tex. App.—Amarillo Aug. 14, 2017, pet. ref'd) (mem. op., not designated for publication). However, if the sentence is grossly disproportionate to the offense or sentences in other similar offenses, the sentence may violate the Eighth Amendment even though it falls within the statutory range. *See Hernandez v. State*, No. 07-13-00006-CR, 2014 Tex. App.

LEXIS 9347, at *4 (Tex. App.—Amarillo Aug. 21, 2014, no pet.) (mem. op., not designated for publication).

We begin the Eighth Amendment proportionality analysis by comparing the gravity of the offense with the severity of the sentence. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). When analyzing the gravity of the offense, we examine the harm caused or threatened to the victim or society and the culpability of the offender. *Solem v. Helm*, 463 U.S. 277, 291-92, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Only if we can infer that the sentence is grossly disproportionate to the offense will we consider the remaining criteria established by the Supreme Court in *Solem* for analyzing a proportionality claim. *McGruder*, 954 F.2d at 316.

Appellant argues that "the facts of this case" establish that the sentence imposed is grossly disproportionate to the crime committed. The facts he relies upon in support of this argument are these: (1) he pleaded guilty to the crime for which he was indicted; (2) the indictment alleges that appellant struck the victim's body with his hand, and no further details about the assault are provided; (3) his crime would have been a class A misdemeanor had he not had a prior conviction enhancement; and (4) his crime would have been a class A misdemeanor had the victim of his assault not been someone with whom he had a dating relationship. Appellant provides no analysis for his claim that these facts indicate that the penalty he received was grossly disproportionate.

Here, appellant was convicted of the offense of assault involving family violence. These were his second and third convictions for this offense. Appellant was previously convicted of assault family violence against another girlfriend in 2014. A repeat offender's

4

sentence is "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (quoting *Rummel v. Estelle*, 445 U.S. 263, 284, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980)) (internal quotation marks omitted). Appellant's record shows a history of violence against women with whom he had a dating relationship. Furthermore, appellant admitted to committing another offense by attempting to falsify his drug test results in February of 2021, just two months after being placed on community supervision.[3] Appellant also admitted to his continued use of methamphetamine and marijuana in the brief time he was on community supervision.

Appellant's six-year sentences are squarely in the middle of the range of punishment. He has not demonstrated, and we cannot infer, that these sentences are grossly disproportionate to the offense of assaulting his girlfriend.

Because we conclude that appellant has not shown that the imposed sentences are grossly disproportionate to the charged offenses, we need not address the second and third prongs of the *Solem* analysis. *See* TEX. R. APP. P. 47.1; *see also Solem*, 463 U.S. at 291-92; *McGruder*, 954 F.2d at 316. Accordingly, we overrule appellant's sole issue on appeal.

---

[3] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.133.

5

Conclusion

Having overruled appellant's sole issue in each cause, we affirm the judgments of the trial court.

Judy C. Parker
Justice

Do not publish.