# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2025

Lyle W. Cayce
Clerk

_____

No. 24-60184

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Deon Fulcher,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CR-1-1

_____

Before Elrod, *Chief Judge*, and Duncan and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Michael Deon Fulcher appeals his jury trial convictions and life sentences for sex trafficking by force, fraud, or coercion (18 U.S.C. § 1591(a)), and conspiracy to commit sex trafficking by force, fraud, or coercion (§ 1594(c)). Fulcher does not challenge his conviction or sentence for interstate transportation for purposes of prostitution (18 U.S.C. § 2421).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60184

First, Fulcher argues that the trial evidence was insufficient to show that he committed the crimes "by force, fraud, or coercion." We review this challenge *de novo* but with substantial deference to the jury's verdict. *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018). The verdict must be affirmed if, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We may not reweigh evidence or second guess the jury's credibility choices. *United States v. Capistrano*, 74 F.4th 756, 768 (5th Cir.), *cert. denied*, 144 S. Ct. 516 (2023).

Ample evidence supported Fulcher's convictions. There was evidence that Fulcher deceived the victim as to his intentions when they first met, offering to give her a ride to a hospital for medical treatment when he instead abducted and conscripted her into prostitution. The jury also could have concluded that Fulcher raped, verbally abused, and used threats of violence against the victim. Although there is evidence that the victim had opportunities to escape earlier than she did, the jury could have concluded that the victim was afraid to leave. The jury's decision to believe the victim is a credibility determination we do not disturb. *See Capistrano*, 74 F.4th at 768.

Second, Fulcher argues that the district court erred by denying his motion for a judgment of acquittal or a new trial. As just discussed, we reject Fulcher's insufficient-evidence argument. We also reject Fulcher's contention that the district court erred in various trial rulings as forfeited; Fulcher fails to identify any erroneous ruling. *See United States v. Quintanilla*, 114 F.4th 453, 468–71 (5th Cir. 2024). Further, Fulcher's argument that the district court gave a misleading instruction as to the requisite *mens rea* is without merit.

No. 24-60184

We reject Fulcher's contention that the district court improperly restricted his closing argument when it ruled that Fulcher could not argue that the "legal and cultural perception of prostitution differs significantly between Nevada and Mississippi." Fulcher fails to cite any case or record citation to support his argument, and a district court has discretion to limit closing arguments—including one as scurrilous as Fulcher's. *See United States v. Griffin*, 324 F.3d 330, 361 (5th Cir. 2003) (stating review is for abuse of discretion). Whether prostitution is legal or culturally acceptable in certain parts of Nevada is irrelevant to the jury's determination that Fulcher forced A.J. into prostitution and trafficked her across state lines. The district court did not abuse its discretion by denying Fulcher's motion for new trial. *See United States v. Hoffman*, 901 F.3d 523, 552 (5th Cir. 2018).

Third, Fulcher argues that many of the offense-level enhancements in his presentence report were erroneously applied. But Fulcher does little more than list the various enhancements. He fails to show how the district court erred in applying any of them. The record reflects that the district court methodically considered each enhancement, and Fulcher fails to show that the factual recitations in the presentence report were materially untrue, inaccurate, or unreliable. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

Fourth, Fulcher argues that his life sentence for the two sex-trafficking counts was substantively unreasonable. A sentence imposed within a properly calculated guidelines range is presumptively reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The presumption "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

3

The district court discussed the sentencing factors thoroughly. Fulcher's challenges to the sentencing factors are either conclusory or fail to address the actual reasons the district court gave for applying them. Fulcher has not shown that his sentence fails to account for a factor that should have received significant weight, that the court gave significant weight to an irrelevant or improper factor, or that the district court clearly erred in balancing the factors. *See ibid*.

Finally, Fulcher argues that his sentence violates the Eighth Amendment. The Eighth Amendment "preclude[s] a sentence that is greatly disproportionate to the offense," requiring this court to "first make[] a threshold comparison of the gravity of the offense against the severity of the sentence." *United States v. Smith*, 895 F.3d 410, 419 (5th Cir. 2018) (internal quotation marks and footnotes omitted). "If we infer from this comparison "that the sentence is grossly disproportionate to the offense,' then we 'compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.'" *United States v. Hebert*, 813 F.3d 551, 565 (5th Cir. 2015) (quoting *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992)). In determining whether a sentence is grossly disproportionate, we have frequently used as a benchmark *Rummel v. Estelle*, 445 U.S. 263 (1980), in which the Supreme Court upheld a defendant's life sentence under a Texas recidivist statute for obtaining $120.75 by false pretenses, *id.* at 276. Because Fulcher's conduct is substantially graver than the defendant's in *Rummel*, Fulcher fails to show that his sentence is grossly disproportionate to his offenses.

AFFIRMED.